## Harkey v. The State.

### Violating Prohibition Law.

(Decided May 13, 1915.    68 South. 699.)

1. *Appeal and Error; Filing Statements.*—The recital in the certificate of appeal as to the statement that defendant desired to appeal, being substantially in the words of rule 43, Supreme Court Practice, is a sufficient compliance with the rule, and the appeal will not be dismissed.

2. *Criminal Law; Sentence.*—Where the jury found defendant guilty of violating the prohibition law, but assessed no fine, the court could not assess the fine as a predicate for a sentence to hard labor for the county.

APPEAL from Tuscalooosa County Court.

Heard before Hon. H. B. FOSTER.

John Harkey was convicted of violating the prohibition law, and he appeals. Affirmed as to the conviction but reversed and remanded as to the sentence.

No counsel marked for appellant.

W. L. MARTIN, Attorney General, for the State.

BROWN, J.—(1) The certificate of appeal signed by the clerk of the county court, and dated November 21, 1914, and filed with the clerk of this court November

23, 1914, shows that the judgment from which this appeal was prosecuted was rendered on the 2d day of November, 1914, and further recites: "And on the 21st day of November, 1914, the said defendant has filed with the undersigned, as such clerk, a truly dated written statement signed by his counsel for him, to the effect that he appeals to the Court of Appeals of Alabama, from the judgment against him in said case of the state of Alabama against him, giving the style of the case on the trial docket and its number thereon."

This shows a compliance with rule 43 (61 South. viii) Supreme Court Practice, and the motion of the Attorney General to dismiss the appeal is overruled.

(2) There is no bill of exceptions in the record, and the only matter presented for review is the regularity of the proceedings appearing upon the record proper of the trial court. It appears the verdict of the jury was one finding the defendant guilty without assessing a fine, and notwithstanding this verdict, the court assessed a fine of $75 against the defendant, followed by a judgment, in default of the payment of the fine and costs, sentencing the defendant to hard labor for the payment of the fine and costs. In this there was error. The court has no authority to assess such fine as a predicate to the sentence to hard labor. This was the province of the jury, and, the jury having failed to asses a fine, the only sentence that could be imposed was one of hard labor for the county to be fixed by the court.

On the authority of *John Harkey v. State, infra,* 68 South. 698, the judgment of conviction is affirmed, but the judgment sentencing the defendant is reversed and the cause remanded for the purpose of allowing the trial court to enter appropriate judgment of sentence.

Affirmed in part, reversed in part, and remanded.