(134 So. 898)

## STATE v. HALL.
### 3 Div. 698.

Court of Appeals of Alabama.
May 26, 1931.

section 1397 (78) of Alabama Code of 1928 (Michie's). The indictment is as follows:

"The Grand Jury of said County charge that before the finding of this indictment Howard Hall, the driver of a motor vehicle involved in an accident resulting in injury to D. M. Kirkland failed to immediately stop such vehicle at the scene of such accident, said accident occurring upon a highway in Escambia County:

"The 'Grand Jury of said County further charge that before the finding of this indictment Howard Hall, being the driver of a motor vehicle involved in an accident upon a public highway of Escambia County, Alabama, resulting in injury to D. M. Kirkland failed to stop, give his name, address and registration license number of his motor vehicle, and render to the said D. M. Kirkland reasonable assistance, including the carrying of said D. M. Kirkland to a physician or surgeon for medical or surgical treatment, the said D. M. Kirkland suffering at the time with a broken leg resulting from said accident and the said Howard Hall having a knowledge of said accident at the time the same occurred, against the peace and dignity of The State of Alabama.

"L. S. Biggs,
"Solicitor Twenty-first Judicial Circuit."

This indictment follows the statute and sufficiently charges the offense.

█ The defendant filed demurrers to the indictment. The court sustained the demurrers to the indictment, "on the ground that the statute, under which this prosecution is based, contravenes Section six of the State Constitution, in that, the defendant is not appraised of the nature or character of the accusation against him, for the reason that he cannot know whether he is charged with a misdemeanor or a felony."

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

Section 6, article 1, of the Constitution is as follows: "That in all criminal prosecutions, the accused has a right to be heard by himself and counsel, or either; to demand the nature and cause of the accusation. * * *"

The only question involved is: Is the offense condemned by the statute a felony or a misdemeanor, or does it include both a felony and a misdemeanor. If it should be held that the statute by its terms is both a felony and a misdemeanor, then the ruling of the trial court on the demurrer would be free from error, and the statute must fall. 16 Corpus Juris 55 (6). If, however, the statute creates only a felony or a misdemeanor, then it must be upheld.

A. H. Elliott, of Brewton, for appellee.

SAMFORD, J.

█ An indictment was returned by a grand jury of Escambia county, Ala., on the 3d day of March, 1931, charging the appellee with a violation of a provision of the Highway Code of this state, Acts 1927, pages 376, 377, § 76,

The statute here considered reads as follows:

"(a) The driver of any vehicle involved in an accident resulting in injury or death to any person or resulting in the damage to property, shall immediately stop such vehicle at the scene of such accident.

"(b) The driver of any vehicle involved in an accident resulting in injury or death to any person or damage to property shall also give his name and address, and the registration license number of his vehicle and shall render to any person injured in such accident reasonable assistance, including the carrying of such person injured to a physician or surgeon for medical or surgical treatment if it is apparent that such treatment is necessary or is requested by such injured person.

"(c) Every person convicted of violating this section, relative to the duty to stop in the event of accidents shall be punished by imprisonment in the county or municipal jail for not less than thirty days nor more than one year or in the state prison for not less than one nor more than five years or by fine of not less than one hundred dollars nor more than five thousand dollars or by both such fine and imprisonment. The court shall revoke the permit or license of the person so convicted."

■ Under our statute, Code 1923, § 3874, a felony is defined as being a public offense which may be punished by death or by imprisonment in the penitentiary. Where an offense is not designated by the statute which creates it, either as a felony or a misdemeanor, but its punishment is prescribed, then the grade of such offense is determined by the punishment. Cook v. State, 60 Ala. 39, 31 Am. Rep. 31; State v. Hicks, 113 La. 845, 37 So. 776.

■ The maximum punishment fixed by this statute is five years in state prison. In other words, the punishment provided for a violation of this statute takes a wide range varying according to the facts of each case, but in any case of conviction the punishment may be a sentence to the penitentiary. This fixes the degree of the crime as a felony. Clifton v. State, 73 Ala. 475; 16 Corpus Juris 55 (3).

The fact that lesser punishments are provided in the statute does not alter the degree of the crime, which is classed as a felony under the section of the Code above referred to.

■ It follows that the trial court erred in sustaining the defendant's demurrer to the indictment, and for this error the judgment is reversed, and the cause is remanded.

Reversed and remanded.