## Clinton HERBERT v. STATE.
### 8 Div. 653.

Court of Appeals of Alabama.
June 30, 1933.

149 So. 925

W. H. Long, of Decatur, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Count 1 of the indictment, upon which the conviction of this appellant was had, charged him with distilling, making or manufacturing alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol, etc.

The corpus delicti was proven without dispute or conflict, and the evidence as to the guilt of this appellant, defendant below, was in conflict, and therefore presented a jury question rendering inapt the general affirmative charge requested by the defendant. This charge was properly refused.

The several exceptions reserved to the court's rulings upon the admission of evidence are so clearly without merit they need no discussion.

The record proper appears regular and also without error.

The judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.

## Rome HERRON v. STATE.
### 6 Div. 185.

Court of Appeals of Alabama.
Jan. 12, 1932.

139 So. 917

RICE, J.
Affirmed.

## Dan HICKS v. CITY OF TUSCALOOSA.
### 6 Div. 410.

Court of Appeals of Alabama.
Dec. 1, 1932.

144 So. 923

PER CURIAM.

Appeal dismissed for want of prosecution.

## Calvin HICKS v. STATE.
### 6 Div. 466.

Court of Appeals of Alabama.
May 9, 1933.

148 So. 920

J. A. Posey, of Haleyville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

SAMFORD, Judge.
Affirmed.

## Irwin HICKS v. STATE.
### 6 Div. 261.

Court of Appeals of Alabama.
May 10, 1932.

141 So. 921

Thos. E. Knight, Jr., Atty. Gen., for the State.

RICE, J.

Appellant was charged, by affidavit, etc., with the offense of violating the laws of our state by having prohibited liquor in his possession. He was tried first in the county court, then, being convicted there and appealing, in the circuit court. The manner of his being put on trial, the trial, etc., appear in all things regular.

No exceptions worthy of mention were reserved on the taking of testimony. He was fairly convicted.

The jury trying his case returned the following verdict: "We the jury find the defendant guilty as charged in the complaint."

In this situation, it was the duty of the court to impose punishment upon the defendant (appellant) in accordance with Code 1923, § 5286, which appears not to have been done. And see Harkey v. State, 13 Ala. App. 201, 68 So. 698; and May v. State, 22 Ala. App. 239, 114 So. 423.

The judgment of conviction is affirmed, but the cause is remanded for sentence in accordance with what we have said above.

Affirmed. Remanded for proper sentence.