180 So. 717

**LASHLEY v. STATE.**

4 Div. 330.

Supreme Court of Alabama.
Jan. 11, 1938.

See, also, post, p. 28, 180 So. 724.

FOSTER, Justice.

In answer to your inquiry in so far as it relates to section 6 of the Constitution, which requires that in all criminal prosecutions the accused shall have a right to demand the nature and cause of the accusation, we think the indictment is sufficient. It describes the charge. There is no requirement that the indictment shall inform accused whether the charge is a felony or a misdemeanor. But, if it did, still there would be no failure in that respect.

True, the act provides that the punishment shall be either a fine or imprisonment in the county jail or state prison. And true also section 3874, Code, defines a felony as an offense which may be punished by death or by imprisonment in the penitentiary; all other offenses are misdemeanors.

But "It is the capacity of an offense to be punished by confinement in the penitentiary and not that such punishment of necessity follows conviction of that crime," that is the controlling quality of a felony as defined by section 3874, Code. Clifton v. State, 73 Ala. 473, 475; Turner v. State, 40 Ala. 21; State v. Hall, 24 Ala.App. 336, 134 So. 898.

So that, if section 6 of the Constitution required informaton to accused of whether the charge is a misdemeanor or felony, the requirement would be answered here, since the charge is a felony because it may be punished by imprisonment in the penitentiary. So that section 6 is not here violated, for the two reasons (1) it does not require that the accusation be designated as a misdemeanor or felony, but that accused is entitled to the nature and cause of the accusation and a copy of it. (2) If he were entitled to have the charge so described, the indictment here being considered describes a felony.

The Court of Appeals in the case of State v. Hall, supra, acted upon an indictment not distinguishable in the respect here under consideration, and correctly, we think, held that it charges a felony.

In answer to your second inquiry, we think that subsection (c), § 76, declaring the existence of the crime (for violating this section relative to the duty to stop in the event of accidents), refers to subsection (b) as well as (a).

Section 76 has a title showing that its purpose is in respect to the "duty to stop in event of accident." Subsections (a) and (b) declare those duties. Subsection (c) fixes a penalty for violating this section relative to the duty to stop in event of accidents; (a) makes it a duty to stop; (b) requires certain conduct after stopping. They both relate to what the section is about—"duty to stop in event of accident." The penalty should not, we think, be limited to the failure to stop as required by (a), but, also, should include the failure to act as required by (b). It is all one plan, for the breach of any duty so declared, a penalty is prescribed on conviction.

Inquiry is also made whether the due process clause is not violated by holding that such omission is made a crime. The Legislatures of the several states have the inherent power to prohibit and punish any act as a crime, provided, of course, they do not violate the restrictions of the State and Federal Constitutions; and the courts cannot look further into the propriety of a penal statute than to ascertain whether the Legislature was restricted in its power to so legislate. 16 Corpus Juris 60, § 14.

Due process does not interfere with the police power of the State to make reasonable traffic and safety or health regulations. No one has a right, to be thus protected, which would exempt him from duties fairly prescribed for those purposes. Powell v. Pennsylvania, 127 U.S. 678, 8 S.Ct. 992, 1257, 32 L.Ed. 253; 29 Corpus Juris 646; State v. Campbell, 21 Ala.App. 303, 107 So. 788.

In the case of Woods v. State, 15 Ala.App. 251, 73 So. 129, our Court of Appeals considered the validity of similar traffic regulations prescribed by Gen.Acts 1911, p. 645, § 28, and, upon the authority of cases in New York, Missouri, and California held that such requirements do not invade the constitutional right not to be required to give evidence against himself.

As pointed out in 42 Corpus Juris 640, similar regulations have generally been held to be constitutional. Additional authorities are cited in 42 Corpus Juris 1384,

note 18, and in 66 A.L.R. 1234 et seq. These authorities also declare the essentials of the offense. Of course the act must be so interpreted as not to be arbitrary and impossible of reasonable performance. When so interpreted, the authorities seem generally to support the validity of such an act, although it makes a crime out of an omission to perform a required duty.

So that we answer your inquiry No. 1 by saying that, in our opinion, when an indictment sufficiently charges a breach of duty enjoined by the act which is made a crime, it sufficiently informs the defendant of the nature and cause of the accusation required by section 6, Constitution.

And as to No. 2, we think that the act means to make it a crime to violate the duty prescribed by subsection (b) of it, when properly interpreted; and that in so holding it does not infringe upon the due process clauses of the State or Federal Constitutions.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.