9 So.2d 123

## BRAGAN v. STATE.

### 6 Div. 917.

Supreme Court of Alabama.

June 17, 1942.

C. R. Bricken,
Presiding Judge.

Dated this the 25th day of May, 1942.

To the Court of Appeals of Alabama:

In response to your inquiry of May 25, 1942, the Supreme Court is of opinion that the offense set out in Code of 1940, T. 36, § 31, under which the defendant O. W. Bragan, Jr., was indicted in Jefferson County, has been held to be a felony. Lashley v. State, 236 Ala. 1, 180 So. 717. In State v. Hall, 24 Ala.App. 336, 134 So. 898, the statute is set out. Acts 1927, p. 376, § 76, Code 1940, Tit. 36, § 31; Code 1923, § 3874, Code 1940, Tit. 1, § 7.

It is to be noted that the jury is not given the express power to impose either a fine or imprisonment under Code 1940, T. 36, § 31, which reads as follows: "(c) Every person convicted of violating this section shall be punished by imprisonment in the county or municipal jail for not less than thirty days nor more than one year or in the state prison for not less than one nor more than five years or by fine of not less than one hundred dollars nor more than five thousand dollars or by both such fine and imprisonment. The court shall revoke the driver's license of the person so convicted."

This being true, Code 1940, T. 15, § 328, is brought into play. It is as follows: "When an offense is punishable by imprisonment in the penitentiary, or hard labor for the county, the court must impose the term of punishment, unless the power is expressly conferred on the jury."

There are, however, other statutes to be considered. In Ex parte Robinson, 183 Ala. 30, 32, 63 So. 177, this court construed the statute long the law of this state (coming from the Code of 1852), which is similar to our Code of 1940, T. 15, § 325, and said: "* * * Section 7620 of the Code [1907] makes provision for the sentence of convicts in three distinct categories: (1) 'In all cases in which the period of imprisonment in the penitentiary or hard labor for the county is more than two years, the judge must sentence the party to imprisonment in the penitentiary'; (2) 'in all cases of conviction of felonies in which such imprisonment or hard labor is for more than twelve months, and not more than two years, the judge may sentence the party to imprisonment in the penitentiary, or confinement in the county jail, or to hard labor for the county, at his discretion'; (3) 'in all cases in which the imprisonment or sentence to hard labor is twelve months or less, the party must be sentenced to imprisonment in the county jail or to hard labor for the county.' It will be observed that the action of the jury is restricted to fixing the duration of the term of the imprisonment or hard labor; that under the first provision the judge has no discretion as to the place of imprisonment or labor; that under the second provision the judge may exercise a discretion as to the place of imprisonment, and as to the imposition of imprisonment or hard labor; and that under the third provision the judge has no discretion as to the place of imprisonment, but only as to the imposition of imprisonment or hard labor. * * *" (Brackets supplied.)

104

The charge here is the violation of Code 1940, T. 36, § 31. The jury finds him guilty as charged and assesses a fine of $400 against him. The fine and costs are not paid. The court sentences him to hard labor for the county for a stated number of days for the fine, and for a stated number of days for the costs; and in addition to this, the court sentences him to confinement in the state penitentiary for one year and one day.

Was this sentence authorized? If so, it would appear that he has for one and the same act received two different kinds of punishment—imprisonment in the penitentiary of the state and hard labor for the county. The sentence to hard labor for the county is under the superintendence and control of the court of county commissioners. Code 1940, T. 45, § 75. The sentence to confinement in the penitentiary is under the superintendence and control of those in charge of the state penitentiary. Code 1940, T. 45, § 26 et seq. That is to say, the punishment suffered by one sentenced to confinement in the penitentiary is different from the punishment suffered by one sentenced to hard labor for the county. This is recognized by Code 1940, T. 15, § 325, wherein legal punishments are specified and among them are "hard labor for the county" and "imprisonment in the penitentiary."

Code 1940, T. 36, § 31, subdivision (c) makes the offense denounced by the statute a felony because the punishment prescribed may be by imprisonment in the penitentiary. Lashley v. State, 236 Ala. 1, 180 So. 717.

Did the legislature intend by this law to authorize the imposition of both hard labor for the county and imprisonment in the state penitentiary upon one convicted of violating the statute? If so, the law, if not in the teeth of section 9, Art. 1 of the Constitution, "No person shall, for the same offense, be twice put in jeopardy of life or limb," would be contrary to its manifest spirit.

From 16 Corpus Juris, p. 1366, we quote the following: "Double Punishment. The constitutional principle that no one shall be put in jeopardy twice for the same offense is broad enough to mean that no one can lawfully be punished twice for the same offense; the one follows from the other, and the constitutional provisions esigned to protect accused from a double punishment as much as to protect him from two trials."

If we seek only the intention of the legislature in the passage of that statute, we believe the conclusion must be reached that it was not intended that such double punishment be imposed. To find this legislative intention, it will be in order to refer to some of the existing laws and the following are illuminating: the jury and not the judge assesses the fines in criminal cases, Code 1940, T. 15, § 325; when the offense may be punished in addition to a fine by imprisonment or hard labor for the county, the jury shall not be required to impose a fine, but if in their judgment the defendant should only be punished in some other mode, in such case only find him guilty and leave the imposition of the punishment to the court, Code 1940, T. 15, § 336; if fine and costs are not paid, the defendant may be sentenced to imprisonment in the county jail or at hard labor for the county, Code 1940, T. 15, §§ 341, 342, and when one is sentenced to the penitentiary, the court costs are paid out of the convict fund, and no additional sentence can be imposed upon the defendant for these costs. Code 1940, T. 45, § ;69.

There is no other law that we know that authorizes one to be sentenced to hard labor for a county and to imprisonment in the penitentiary in addition for one and the same offense. There appears to be no reason given why the legislature should put this law in a category all to itself. We believe a field for the operation of every provision of the law may be found. If the jury had found the defendant guilty as charged, and did nothing more, then the court would have had authority to sentence the defendant to imprisonment in the county jail for not less than 30 days nor more than one year, or to the state penitentiary for not less than one nor more than five years. There is no authority to do both. The defendant having been found guilty and fined $400, the court had the authority to add to this punishment imprisonment in the county jail for not less than 30 days nor more than one year, but no authority to sentence to the penitentiary. It would be a stretch of the imagination (viewing this law in the light of other laws then existing) to conclude that the legislature when it used the words in concluding the sentence "or by both such fine and imprisonment" referred to the imprisonment men-

tioned in the first part of the sentence, towit: "imprisonment in the county or municipal jail for not less than thirty days nor more than one year."

It follows from the foregoing that the defendant in the instant case was improperly sentenced by the circuit court.

All the Justices concur, KNIGHT, J., not sitting.

Opinion by THOMAS, J.