9 So.2d 126

## BRAGAN v. STATE.
### 6 Div. 917.

Court of Appeals of Alabama.
June 30, 1942.

No Attorney marked for appellant.

Thos. S. Lawson, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The appeal in this case is based on the record proper only. There is no bill of exceptions. No brief has been filed in behalf of appellant, and no insistence of error has been made in this court.

However, under the provisions of the statute (Title 15, Sec. 389, Code 1940), the duty devolved upon the appellate court, is to examine the record and ascertain its regularity and to consider all questions thereon. This, the court has done in this case, and as a result, in the performance of this duty, we have discovered that the judgment entry, as shown in the record, is an anomaly, and under no phase of any law can it be sustained as it here appears. The writer being of this opinion, certified the question involved to the Supreme Court, as per statute made and provided, Code 1940, Title 13, Sec. 88. We here set out in full said "certification of the question," under consideration.

"To the Supreme Court of Alabama:

"Under the provisions of Title 13, Section 88, Code 1940, the question stated herein below, is certified to the Supreme Court, said question being involved in a pending proceeding in the Court of Appeals.

"Appellant in said proceeding, here on appeal, was tried and convicted as for the violation of Section 31, Title 36, Code 1940. The jury returned the verdict: Viz: 'We the jury, find the defendant guilty as charged in the indictment, and assess a fine of $400.00.'

"On said verdict the trial court pronounced and entered a judgment (1) wherein the defendant was sentenced to a term of imprisonment in the penitentiary; and (2), the court also sentenced him as for a misdemeanor to hard labor for the county for a sufficient period of time to pay the fine assessed by the jury, and the costs of the proceedings.

"Accompanying this inquiry is the record here filed, which contains the judgments of conviction, supra, for your inspection.

"The validity and correctness of said judgments, under the jury's verdict, is the question certified.

"C. R. Bricken,
"Presiding Judge."

To said certified question, the Supreme Court made reply, which is here set out in full for the benefit of the bench and bar, and other interested parties. Said reply of the Supreme Court is as follows:

"To the Court of Appeals of Alabama:

In response to your inquiry of May 25, 1942, the Supreme Court is of opinion that the offense set out in Code of 1940, T. 36, § 31, under which the defendant O. W. Bragan, Jr., was indicted in Jefferson County, has been held to be a felony. Lashley v. State, 236 Ala. 1, 180 So. 717. In State v. Hall, 24 Ala.App. 336, 134 So. 898, the statute is set out. Acts 1927, p. 376, § 76, Code 1940, Tit. 36, § 31; Code 1923, § 3874, Code 1940, Tit. 1, § 7.

"It is to be noted that the jury is not given the express power to impose either a fine or imprisonment under Code 1940, T. 36, § 31, which reads as follows:

" '(c) Every person convicted of violating this section shall be punished by imprisonment in the county or municipal jail for not less than thirty days nor more than one year or in the state prison for not less than one nor more than five years or by fine of not less than one hundred dollars nor more than five thousand dollars or by both such fine and imprisonment. The court shall revoke the driver's license of the person so convicted.'

"This being true, Code 1940, T. 15, § 328 is brought into play. It is as follows:

" 'When an offense is punishable by imprisonment in the penitentiary, or hard labor for the county, the court must impose the term of punishment, unless the power is expressly conferred on the jury.'

"There are, however, other statutes to be considered. In Ex parte Robinson, 183 Ala. 30, 32, 63 So. 177, this court construed the statute long the law of this state (coming from the Code of 1852), which is similar to our Code of 1940, T. 15, § 325, and said:

" '* * * Section 7620 of the Code [1907] makes provision for the sentence of convicts in three distinct categories: (1) "In all cases in which the period of imprisonment in the penitentiary or hard labor for the county is more than two years, the judge must sentence the party to imprisonment in the penitentiary"; (2) "in all cases of conviction of felonies in which such imprisonment or hard labor is for more than twelve months, and not more than two years, the judge may sentence the party to imprisonment in the penitentiary, or confinement in the county jail, or to hard labor for the county, at his discretion"; (3) "in all cases in which the imprisonment or sentence to hard labor is twelve months or less, the party must be sentenced to imprisonment in the county jail or to hard labor for the county." It will be observed that the action of the jury is restricted to fixing the duration of the term of the imprisonment or hard labor; that under the first provision the judge has no discretion as to the place of imprisonment or labor; that under the second provision the judge may exercise a discretion as to the place of imprisonment, and as to the imposition of imprisonment or hard labor; and that under the third provision the judge has no discretion as to the place of imprisonment, but only as to the imposition of imprisonment or hard labor. * * *' (Brackets supplied.)

"The charge here is the violation of Code 1940, T. 36, § 31. The jury finds

him guilty as charged and assesses a fine of $400.00 against him. The fine and costs are not paid. The court sentences him to hard labor for the county for a stated number of days for the fine and for a stated number of days for the costs; and in addition to this, the court sentences him to confinement in the state penitentiary for one year and one day.

"Was this sentence authorized? If so, it would appear that he has for one and the same act received two different kinds of punishment for one and the same act,— imprisonment in the penitentiary of the state and hard labor for the county. The sentence to hard labor for the county is under the superintendence and control of the court of county commissioners. Code 1940, T. 45, § 75. The sentence to confinement in the penitentiary is under the superintendence and control of those in charge of the state penitentiary. Code 1940, T. 45, § 26, et seq. That is to say, the punishment suffered by one sentenced to confinement in the penitentiary is different from the punishment suffered by one sentenced to hard labor for the county. This is recognized by Code 1940, T. 15, § 325, wherein legal punishments are specified and among them are 'hard labor for the county' and 'imprisonment in the penitentiary.'

"Code 1940, T. 36, § 31, subdivision (c) makes the offense denounced by the statute a felony because the punishment prescribed may be by imprisonment in the penitentiary. Lashley v. State, 236 Ala. 1, 180 So. 717.

"Did the legislature intend by this law to authorize the imposition of both hard labor for the county and imprisonment in the state penitentiary upon one convicted of violating the statute? If so, the law, if not in the teeth of section 9, Art. 1 of the Constitution, 'No person shall, for the same offense, be twice put in jeopardy of life or limb,' would be contrary to its manifest spirit.

"From 16 Corpus Juris p. 1366, we quote the following:

" 'Double Punishment. The constitutional principle that no one shall be put in jeopardy twice for the same offense is broad enough to mean that no one can lawfully be punished twice for the same offense; the one follows from the other, and the constitutional provisions are designed to protect accused from a double punishment as much as to protect him from two trials.'

"If we seek only the intention of the legislature in the passage of that statute, we believe the conclusion must be reached that it was not intended that such double punishment be imposed. To find this legislative intention, it will be in order to refer to some of the existing laws and the following are illuminating: the jury and not the judge assesses the fines in criminal cases, Code 1940, T. 15, § 325; when the offense may be punished in addition to a fine by imprisonment or hard labor for the county, the jury shall not be required to impose a fine, but if in their judgment the defendant should only be punished in some other mode, in such case only find him guilty and leave the imposition of the punishment to the court, Code 1940, T. 15, § 336; if fine and costs are not paid, the defendant may be sentenced to imprisonment in the county jail or at hard labor for the county, Code 1940, T. 15, §§ 341, 342, and when one is sentenced to the penitentiary, the court costs are paid out of the convict fund, and no additional sentence can be imposed upon the defendant for these costs. Code 1940, T. 45, § 69.

"There is no other law that we know that authorizes one to be sentenced to hard labor for a county and to imprisonment in the penitentiary in addition for one and the same offense. There appears to be no reason given why the legislature should put this law in a category all to itself. We believe a field for the operation of every provision of the law may be found. If the jury had found the defendant guilty as charged, and did nothing more, then the court would have had authority to sentence the defendant to imprisonment in the county jail for not less than 30 days nor more than one year, or to the state penitentiary for not less than one nor more than five years. There is no authority to do both. The defendant having been found guilty and fined $400.00, the court had the authority to add to this punishment imprisonment in the county jail for not less than 30 days nor more than one year, but no authority to sentence to the penitentiary. It would be a stretch of the imagination (viewing this law in the light of other laws then existing) to conclude that the legislature when it used the words in concluding the sentence 'or by both such fine and imprisonment' referred to the imprisonment mentioned in the first part

of the sentence, towit: 'imprisonment in the county or municipal jail for not less than thirty days nor more than one year.'

"It follows from the foregoing that the defendant in the instant case was improperly sentenced by the circuit court.

"All the Justices concur, KNIGHT, J., not sitting.

"Opinion by THOMAS, J."

With no intention of criticism of the foregoing, we, perforce, do say that a proper construction of what has been said is certainly not without difficulty. We do clearly understand, that it is held and declared that the action of the lower court in sentencing defendant to the penitentiary was without authority of law, and, as stated, in said "response" "the defendant in the instant case was improperly sentenced by the circuit court * * *" and, "had no authority to sentence to the penitentiary." In line with this, and as the law requires, we therefore hold that that portion of the judgment of conviction wherein the court sentenced defendant to "a year and a day in the penitentiary" was innocuous, and is held for naught, and that said portion of said judgment must be and is treated as mere surplusage.

There was no question involved on this appeal as to the guilt of the accused, hence, as we see it, the judgment of conviction as to the guilt of the defendant must be and is affirmed; with instructions that appellant be required to perform hard labor for the county as prescribed in the judgment of conviction from which this appeal was taken. To wit: 115 days to satisfy the fine, and 135 days to pay the costs of the proceedings.

Reversed in part, and affirmed, with instructions.