15 So.2d 632

**HARDIN v. STATE.**

**8 Div. 303.**

Court of Appeals of Alabama.

Nov. 23, 1943.

**SIMPSON, Judge.**

The evidence presented by the State was sufficient to afford a substantial inference adverse to the defendant's innocence, so a directed verdict in his behalf was properly refused. Emerson v. State, 30 Ala.App. 89, 1 So.2d 604, certiorari denied 241 Ala. 141, 1 So.2d 605; Brown v. State, 30 Ala.App. 5, 200 So. 637, certiorari denied 240 Ala. 648, 200 So. 640.

In view of its presumed correctness (Cusimano v. State, Ala.App., 12 So. 2d 418), the ruling below, denying the motion for a new trial, must also be sustained. The record before us fails to reflect a verdict so preponderantly against the evidence as to be manifestly wrong and unjust, which is the guiding rule of review in such cases. Brackin v. State, ante, p. 228, 14 So.2d 383; Cobb v. Malone, 92 Ala. 630, 9 So. 738.

There is, however, a manifest error in the record—not requiring a reversal but necessitating a correction of the sentence imposed upon the defendant.

The verdict of the jury appearing of record was "We, the jury, find the defendant guilty as charged." The jury could have assessed a fine against him, Code 1940, Title 29, § 99; but it was not compulsory that they do so, Code 1940, Title 15, § 336. Having elected not to impose a fine, however, did not authorize the trial court to do so. The court was limited to the imposition of a sentence of imprisonment or confinement at hard labor. Spicer v. State, 105 Ala. 123, 16 So. 706; Hicks v. State, 25 Ala.App. 639, 141 So. 921; Harkey v. State, 13 Ala.App. 203, 68 So. 699.

It results that that portion of the judgment reciting the fixing of a fine by the court is of no effect and is treated as surplusage, and the judgment appealed from is corrected to this extent, with instructions that appellant be required to perform the authorized sentence, legally imposed, to-wit: Six months hard labor for the county, as punishment for the offense, and an additional seventy-three days for payment of the costs. Bragan v. State, 30 Ala.App. 548, 9 So.2d 126, 129; Chappell v. State, 19 Ala.App. 648, 100 So. 75.

Judgment corrected.

Affirmed.

W. W. Malone, Jr. and W. W. Malone, both of Athens, for appellant.

Wm. M. McQueen, Acting Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.