Kenneth Whirley was indicted for murder pursuant to § 13A-6-2
(a)(2), Code of Alabama 1975, in that he "did recklessly engage in conduct which manifested extreme indifference to human life and created a grave risk of death to a person other than the said Kenneth Whirley, and did thereby cause the death of Charles Lockett and Michael Lockett by running into the vehicle in which they were riding with a motor vehicle. . . ."
At trial, the court instructed the jury that they were authorized to find the defendant guilty of murder or of any of the lesser included offenses of manslaughter, criminally negligent homicide, or homicide by vehicle. Whirley was found guilty of homicide by vehicle, convicted and sentenced to five years' imprisonment.
On appeal, Whirley claims that the vehicular homicide statute under which he was convicted is unconstitutional. He also maintains that the trial judge erroneously charged the jury that homicide by vehicle is a lesser included offense of murder. We agree with him on both counts and hold that his conviction must be reversed.
 I
Alabama courts have long held that a statute making an offense both a felony and a misdemeanor is unconstitutional.McDavid v. State, 439 So.2d 750, 751 (Ala.Cr.App. 1983); Kylesv. State, 358 So.2d 797, 799 (Ala.Cr.App.), cert. denied,358 So.2d 799 (Ala. 1978); State v. Hall, 24 Ala. App. 336, 337,134 So. 898, 899 (1931). Such laws violate Article I, Section 6 of the Alabama Constitution, guaranteeing that "in all criminal prosecutions, the accused has a right to . . . demand the nature and cause of the accusation." McDavid v. State, 439 So.2d at 751.
Section 13A-1-2 (3), Code of Alabama 1975, defines a misdemeanor as "[a]n offense for which a sentence to a term of imprisonment not in excess of one year may be imposed," while §13A-1-2 (4) declares that a felony is "[a]n offense for which a sentence to a term of imprisonment in excess of one year is authorized. . . ."
The vehicular homicide statute in effect at the time of the collision at issue in this case cannot escape the condemnation that it provided both felony and misdemeanor punishments for the named offense and was, therefore, unconstitutional. The 1980 version[1] of the homicide by vehicle statute provided the following: *Page 1153 
 "(a) Whoever shall unlawfully and unintentionally cause the death of another person while engaged in the violation of any state law or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic shall be guilty of homicide when such violation is the proximate cause of said death.
 (b) Any person convicted of homicide by vehicle shall be fined not less than five hundred dollars ($500) nor more than two thousand dollars ($2,000), or shall be imprisoned in the county jail not less than three months nor more than one year, or may be so fined and so imprisoned, or shall be imprisoned in the penitentiary for a term not less than one year nor more than five years."
1980 Ala. Acts 604, No. 434, § 9-107 (1980) (emphasis added).
The emphasized portion of the punishment provisions of the statute clearly allows misdemeanor imprisonment ranging from three months to one year and felony imprisonment from one to five years. Whirley raised this constitutional defect in the statute via the following grounds of his demurrer to the indictment (R. 9-10) and his motion to quash the indictment (R. 52-53):
 "5. The indictment is vague and ambiguous and indefinite as to deprive the Defendant of rights guaranteed to him under the Due Process Clause of the Fifth Amendment, and under that clause of the Sixth Amendment guaranteeing to a Defendant the right to be informed of the nature and cause of the accusation.
 "6. That the indictment filed in the above styled cause fails to apprise the Defendant of the nature of the charge he must defend against."
Our holding that the statute, as originally enacted, was constitutionally infirm was apparently shared by the legislature itself in 1983 when it remedied the defect in the statute by deleting the provision for misdemeanor punishment. Nevertheless, the statute under which Whirley was convicted was unconstitutional since it made the offense both a misdemeanor and a felony.
 II The trial judge was also in error for giving, over Whirley's objection, a charge instructing the jury that homicide by vehicle was a lesser included offense of murder. The crime proscribed in § 32-5A-192 cannot, as a matter of law, be a lesser offense included within an indictment for murder under §13A-6-2.
Section 13A-1-9, Code of Alabama 1975, defines "lesser included offenses" as follows:
 "(a) A defendant may be convicted of an offense included in an offense charged. An offense is an included one if:
 (1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged; or
 (2) It consists of an attempt or solicitation to commit the offense charged or to commit a lesser included offense; or
 (3) It is specifically designated by statute as a lesser degree of the offense charged; or
 (4) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interests, or a lesser kind of culpability suffices to establish its commission." (Emphasis added)
Subsections (a)(1) and (4) are the only provisions arguably applicable to the question whether vehicular homicide is a lesser included offense of murder since the former crime is neither an inchoate form of the later (§ 13A-1-9 (a)(2)), nor is it specifically designated by statute as a lesser degree of murder (§ 13A-1-9 (a)(3)).
Homicide by vehicle does not meet the requirements of subsection (a)(1) of § 13A-1-9 regarding what are included *Page 1154 
offenses because, in order to establish a prima facie case of homicide by vehicle, it must be proved that a death occurred as the proximate result of the defendant's being "engaged in the violation of any state law or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic. . . ." Ala. Code 1975, § 32-5A-192. In short, the use of a vehicle is a required element of proof for vehicular homicide, but not for murder under § 13A-6-2. Compare Payne v.State, 391 So.2d 140, 144 (Ala.Cr.App.), cert. denied,391 So.2d 146 (Ala. 1980) (Killing in duel is not a lesser included offense of murder in the first degree since duelling contains the elements of a one-to-one fight with deadly weapons not necessarily required for the crime of murder in the first degree); Ex parte Washington, 448 So.2d 404, 408 (Ala. 1984) ("Universal malice" murder is not a lesser included offense of intentional murder since the former requires that defendant's conduct be directed at human life in general as opposed to a particular individual).
Finally, although homicide by vehicle requires a "lesser kind of culpability" than murder under § 13A-6-2 (a)(2), it does not differ from the offense of murder only in that respect. See §13A-1-9 (a)(4). Paraphrasing our Supreme Court's observation that "universal malice" murder was not a lesser included offense of intentional murder, we conclude that homicide by vehicle "require[s] something more." Washington, 448 So.2d at 408. The additional difference between the offense of murder, for which Whirley was indicted (§ 13A-6-2 (a)(2), and the offense of homicide by vehicle (§ 32-5A-192), for which he was convicted, is the requirement of the latter crime that the "murder weapon" be a vehicle. "This additional difference . . . precludes the latter from being an included offense, since it can be established only by a showing of facts not required in order to be convicted of . . . murder under § 13A-6-2 (a)[2]."Washington, 448 So.2d at 408.
Because the statute was unconstitutional and because the trial judge should not have charged the jury regarding homicide by vehicle, Whirley's conviction must be reversed.
REVERSED AND REMANDED.
All the Judges Concur.
[1] Subsection (b) of the 1980 version was amended by 1983 Ala. Acts 959, No. 620, § 1 (effective July 29, 1983). The current version is codified at Ala. Code § 32-5A-192 (1975). Subsection (a) of both versions of the Act is identical. Subsection (b) of the 1983 Act reads:
 "(b) Any person convicted of homicide by vehicle shall be fined not less than $500.00 nor more than $2,000.00, or shall be imprisoned for a term not less than one year nor more than five years, or may be so fined and so imprisoned."