BOWEN, Presiding Judge.
The State appeals from an order dismissing the charges against Mark Allen Payne. The indictment alleged that Payne, “being the driver of a motor vehicle involved in an accident resulting in injury to Branda Jane Weldon and/or Christopher Allen Buch, ... or damage to a 1984 Ford vehicle, the property of Brenda Jane Weldon, did felo-niously fail to give his name, address, or the registration number of the vehicle he was driving, or did fail to render to Brenda Jane Weldon and/or Christopher Allen Buch reasonable assistance, in violation of Section 32-10-2 of the Code of Alabama

In his motion to dismiss, Payne asserted that the statute “is unconstitutional in that it fails to apprise the Defendant of whether he is being tried for a felony or a misdemeanor in that the punishment stated for said crime is both a felony and a misdemeanor.” The circuit court granted this motion on authority of Whirley v. State, 481 So.2d 1151 (Ala.Cr.App.1985), writ granted on other grounds, 481 So.2d 1154 (Ala.1986).
In Whirley, the vehicular homicide statute at issue was determined to be unconstitutional because it provided for both felony and misdemeanor punishment. The statute provided that:
“(b) Any person convicted of homicide by vehicle shall be fined not less than five hundred dollars ($500) nor more than two thousand dollars ($2,000), or shall be imprisoned in the county jail not less than three months nor more than one year, or may be so fined and so imprisoned, or shall be imprisoned in the penitentiary for a term not less than one year nor more than five years. 1980 Ala.Acts 604, No. 434, § 9-107 (1980) (emphasis added).” Whirley, 481 So.2d at 1152.
As we noted in Whirley:
“Alabama courts have long held that a statute making an offense both a felony and a misdemeanor is unconstitutional. McDavid v. State, 439 So.2d 750, 751 (Ala.Cr.App.1983); Kyles v. State, 358 So.2d 797, 799 (Ala.Cr.App.), cert. denied, 358 So.2d 799 (Ala.1978); State v. Hall, 24 Ala.App. 336, 337, 134 So. 898, 899 (1931). Such laws violate Article I, Section 6 of the Alabama Constitution, guaranteeing that % all criminal prosecutions, the accused has a right to ... demand the nature and cause of the accusation.’ McDavid v. State, 439 So.2d at 751” 481 So.2d at 1152.
See also Newberry v. State, 493 So.2d 993 (Ala.Cr.App.1985).
The judgment of the circuit court dismissing the indictment is affirmed.
AFFIRMED.
All Judges concur.