McMILLAN, Judge.
From a conviction for the offense of “leaving the scene of an accident,” in violation of § 32-10-2, Code of Alabama (1975), and sentence of 15 years’ imprisonment, this appeal follows. For the reasons outlined below, the appellant’s conviction is reversed and the cause remanded.
Although several issues are raised by this appeal, the pivotal issue concerns the constitutionality of the statute which underlies the conviction. After a trial by jury, the appellant was found guilty of the offense commonly referred to as “leaving the scene of an accident.” This offense is codified in § 32-10-2, Code of Alabama (1975), as follows:
“The driver of any motor vehicle involved in an accident resulting in injury to or the death of any person or damage to any vehicle which is driven or attended by any person shall give his name, address and the registration of the vehicle he is driving, shall upon request exhibit his driver’s license to the person struck or the driver or occupant of or person attending any motor or other vehicle collided with or damaged and shall render to any person injured in such accident reasonable assistance, including the transportation of, or the making of arrangements for the transportation of such person to a physician or hospital for medical or surgical treatment, if it is apparent that such treatment is necessary or if such transportation is requested by the injured person.”
This statute is entitled “Duty to Give Information and Render Aid,” and the penalty for violating this statute is as follows:
“Every person convicted of violating sections 32-10-1 through 32-10-5 or any of the provisions thereof shall be punished by a fine of not more than $5,000.00, or by imprisonment in the county or municipal jail or hard labor for the county for not less than 30 days nor more than one year, or by imprisonment in the penitentiary for not less than one nor more than five years, or by such fine and hard labor or imprisonment.” § 32-10-6, Code of Alabama (1975).
Appellant argues that this sentencing scheme is subject to the same constitutional infirmity as the statute declared unconstitutional in the recent case of Whirley v. State, 481 So.2d 1151 (Ala.Cr.App.1985), cert. quashed, Ex parte State, 481 So.2d 1154 (Ala.1986).
In a recent opinion authored by this court, per Judge Taylor, this precise issue was decided in favor of the appellant. Burnett v. State, 494 So.2d 200 (Ala.Cr.App.1986). In concluding that the appellant’s conviction for the offense of leaving the scene of an accident should be reversed, this court in Burnett initially considered and discussed the Whirley holding, and then stated as follows:
“The duty to give information and render aid statute suffers from the same infirmity as the vehicular homicide statute. It cannot escape the condemnation that both felony and misdemeanor punishments are provided by the penalty section and is therefore unconstitutional.” Id. Reporter’s note: This quotation is from the court’s original opinion in Burnett, October 8,1985. That opinion, later withdrawn, was not published.
Under the authority of Burnett, supra, the appellant’s conviction is reversed and the cause remanded.
REVERSED AND REMANDED.
All the Judges concur.