McMILLAN, Judge.
This appeal follows a conviction for the offense of “leaving the scene of an accident,” in violation of § 32-10-2, Code of Alabama (1975), and a sentence of 14 months’ imprisonment. The appellant was placed on probation for a period of 14 months, with the condition that he serve 30 days in the Madison County Jail and pay restitution and court costs. For the reasons outlined below, the appellant’s conviction is reversed and the cause remanded.
Among the issues presented by this appeal, the appellant has raised a prevailing argument regarding the constitutionality of the “leaving the scene of an accident” statute, upon which his conviction is based. This offense is codified in § 32-10-2, Code of Alabama (1975), as follows:
“The driver of any motor vehicle involved in an accident resulting in injury to or the death of any person or damage to any vehicle which is driven or attended by any person shall give his name, address and the registration of the vehicle he is driving, shall upon request exhibit his driver’s license to the person struck or the driver or occupant of or person attending any motor or other vehicle collided with or damaged and shall render to any person injured in such accident reasonable assistance, making the transportation of, or the making of arrangements for the transportation of such person to a physician or hospital for medical or surgical treatment, if it is apparent that such treatment is necessary or if such transportation is requested by the injured person.”
This code section is entitled “Duty to give information and render aid,” and the penalty for violating this statute is as follows:
“Every person convicted of violating sections 32-10-1 through 32-10-5 or any of the provisions thereof shall be punished by a fine of not more than $5,000.00, or by imprisonment in the county or municipal jail or hard labor for the county for not less than 30 days nor more than one year, or by imprisonment in the penitentiary for not less than one nor more than five years, or by such fine and hard labor or imprisonment.” § 32-10-6, Code of Alabama (1975).”
Appellant successfully argues that this sentencing scheme suffers from the same constitutional infirmity as the statute declared unconstitutional in the recent case of Whirley v. State, 481 So.2d 1151 (Ala.Cr.App.1985), cert. quashed, Ex parte State, 481 So.2d 1154 (Ala.1986).
Section 32-10-6 provides that the offense of leaving the scene of an accident is punishable as both a misdemeanor and a felony. This statute is constitutionally defective because the accused may not learn whether he has been charged with a misdemeanor or a felony until after he has been convicted and sentenced.
In a recent opinion authored by this court, per Judge Taylor, this precise issue was decided in favor of the appellant. Burnett v. State, [1985], 494 So.2d 200 (Ala.Cr.App.1986). In concluding that the appellant’s conviction for the offense of leaving the scene of an accident should be reversed, this court in Burnett initially considered and discussed the Whirley holding, and then stated as follows:
“The duty to give information and render aid statute suffers from the same infirmity as the vehicular homicide statute. It cannot escape the condemnation that both felony and misdemeanor punishments are provided by the penalty section and is therefore unconstitutional.” Id.
Under the authority of Burnett, supra, the appellant’s conviction is reversed and the cause remanded.
REVERSED AND REMANDED.
All the Judges concur.