418 So.2d 184 (1982)
Ex parte Jesse Benjamin STONER.
(Re: Jesse Benjamin Stoner v. State of Alabama).
81-709.
Supreme Court of Alabama.
August 13, 1982.
Jesse Benjamin Stoner, pro se.
Charles A. Graddick, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for respondent.
PER CURIAM.
WRIT DENIED.
TORBERT, C. J., and JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
FAULKNER, J., dissents.
FAULKNER, Justice (dissenting).
I would grant the petition for writ of certiorari.
A bombing of a black church occurred in Jefferson County on June 29, 1958. Over 19 years later, September 26, 1977, Stoner, a white man, was indicted for the bombing and was convicted in the circuit court.
The Court of Criminal Appeals affirmed, and conceded that no explanation appears in the record justifying the 19 years' delay. It can be inferred that the 19 years' delay was for the State to gain a tactical advantage over Stoner. In other words, wait long enough and a climate for conviction will emerge, whereas, if Stoner had been tried within a reasonable time after the bombing, chances were greatly in his favor that he would have been acquitted. The trial judge stated, "I would almost find that as a fact for the reason of delay the State did not feel they could successfully prosecute in 1958."
*185 The Court of Criminal Appeals upholds the delay by implying there was a continuing investigation. See United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), and United States v. Lovasco, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). But, the court states in its opinion, "In essence, no real reason for the delay can be found in the record." Both Marion and Lovasco mandate that the court consider the reason for the delay, and the prejudice to the accused. Cf. United States v. West, 568 F.2d 365 (5th Cir. 1978). By denying the petition for a writ of certiorari to the Court of Criminal Appeals, the majority of this Court have also failed to consider the reasons for the delay and the prejudice to the accused.
In my opinion Stoner has been deprived of his due process rights to a fair trial. The fundamental conceptions of justice have been discreetly "swept under the rug."
I would grant the petition to consider whether fundamental due process of a fair trial has been denied Stoner.