PATTERSON, Judge.
Douglas Eugene Fields was indicted in two separate indictments by the Mobile County Grand Jury at its September 1982 session for vehicular homicide in violation of § 32-5A-192, Code of Alabama 1975. In one indictment, he was charged with unlawfully causing the death of William Clark McKee while engaged in the violation of a state law applying to the operation of a vehicle, and in the other indictment he was similarly charged with unlawfully causing the death of Rebecca Jean Williamson while engaged in the violation of a state law applying to the operation of a vehicle. The acts alleged in both indictments arose out of a single incident, an automobile collision, which occurred on December 4, 1981. The indictments were consolidated for trial and Fields was found guilty as charged in both indictments by a jury on April 5,1984. On May 15, 1984, Fields was sentenced to serve three years in the penitentiary in each case, and it was ordered that sentences run concurrently. This appeal followed.
One of the issues which appellant raises on appeal is that the statute under which he was indicted, § 32-5A-192, is unconstitutional in that it makes the offense both a felony and a misdemeanor. Because of this he contends that the code section violates Article I, Section 6, of the Alabama Constitution of 1901, in that “the criminal offense sought to be stated does not advise the defendant and others similarly situated with sufficient particularity of the nature of the crime sought to be prohibited.” This issue was properly preserved for appeal by appellant in the trial court by timely motion to dismiss.
During the pendency of this case on appeal, this court declared § 32-5A-192 unconstitutional in the case of Whirley v. State, [Ms.3 Div.25, January 8, 1985] (Ala.Crim.App.1985), on the same grounds now asserted by appellant in the case sub judice. On motion of the State, we delayed our consideration of the appeal in the instant case pending a decision of the Alabama Supreme Court on the State’s petition for writ of certiorari in Whirley. The Alabama Supreme Court denied the said petition for writ of certiorari, without opinion, on April 26, 1985. Whirley v. State, [Docket 84-496, April 26, 1985] (Ala.1985).
Therefore, the decision of this court in Whirley is dispositive of the case sub judi-ce. The vehicular homicide statute in effect at the time of the collision at issue in this case and under which the appellant was indicted and convicted, provided both felony and misdemeanor punishments for the named offense, and is, therefore, unconstitutional.[1]
Because the statute under which appellant was convicted was unconstitutional for the reasons stated above, the appellant’s conviction must be reversed. Accordingly, we find no need to decide the other issues presented by Fields.
REVERSED AND REMANDED.
All the Judges concur.

. It should be pointed out that this defect in the statute was remedied by the legislature subsequent to the automobile collision giving rise to this case by deleting the provision for misdemeanor punishment. 1983 Ala.Acts 959, No. 620, § 1 (effective July 29, 1983). The current version is codified at Alabama Code (1975), § 32-5A-192.