John A. Newberry was indicted for homicide by vehicle pursuant to § 32-5A-192, Code of Alabama 1975. The indictment alleged that Newberry unlawfully and unintentionally caused the death of one Patricia Logan in an automobile accident, by driving under the influence of intoxicating liquor, or by driving on the wrong side of the road, or both.
Newberry filed a motion to dismiss the indictment alleging that the statute upon which the indictment was predicated, §32-5A-192, was unconstitutional. (CR. 13-22). The trial court subsequently denied Newberry's motion to dismiss the indictment. (CR 23).
Newberry reserved his right to appeal the trial court's denial of his motion to dismiss and, while maintaining his plea of not guilty, stipulated that the State could prove a prima facie case against him. The trial court then adjudged Newberry guilty of homicide by vehicle. (R. 4-8). Following a sentencing hearing, the trial court fixed punishment at five years' imprisonment in the penitentiary. (R. 10-11).
 I
Appellant contends that § 32-5A-192, Code of Alabama 1975, as most recently amended, is unconstitutional. He specifically argues that the statute violates Article I, Section 6 of the Alabama Constitution of 1901, in that such statute makes the *Page 994 
offense of homicide by vehicle both a misdemeanor and a felony. Article I, Section 6, supra, guarantees that "in all criminal prosecutions, the accused has a right to . . . demand the nature and cause of the accusation." McDavid v. State,439 So.2d 750 (Ala.Crim.App. 1983); Whirley v. State,481 So.2d 1151 (Ala.Crim.App. 1985), cert. denied, 481 So.2d 1154 (Ala. 1985).
It has long been the law in Alabama that a statute making an offense both a felony and a misdemeanor is unconstitutional as being violative of Article I, Section 6. See Kyles v. State,358 So.2d 797 (Ala.Crim.App.), cert. denied, 358 So.2d 799
(Ala. 1978); McDavid, supra; Whirley, supra; Fields v. State,472 So.2d 439 (Ala.Crim.App. 1985).
 "Section 13A-1-2 (3), Code of Alabama 1975, defines a misdemeanor as `[a]n offense for which a sentence to a term of imprisonment not in excess of one year may be imposed,' while § 13A-1-2 (4) declares that a felony is `[a]n offense for which a sentence to a term of imprisonment in excess of one year is authorizied. . . .'"
Whirley, supra at 1152.
The homicide by vehicle statute, as most recently amended by the Alabama Legislature, provides the following:
 "(a) Whoever shall unlawfully and unintentionaly cause the death of another person while engaged in the violation of any state law or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic shall be guilty of homicide when such violation is the proximate cause of said death.
 "(b) Any person convicted of homicide by vehicle shall be fined not less than $500.00 nor more than $2,000.00, or shall be imprisoned for a term not less than one year nor more than five years, or may be so fined and so imprisoned."
Ala. Code § 32-5A-192 (1975) as amended, 1983. (Emphasis added).
The State argues that, since a sentence of greater than one year is authorized by the statute, i.e., 5 years, then a violation of the statute is a felony offense. However, a correct interpretation of § 13A-1-2 (4) is that an offense is a felony if the sentence authorized by the statute is in excess
of one year. See Cushing v. State, 455 So.2d 119, 121
(Ala.Crim.App. 1984). See also, Ala. Code § 13A-5-4 (a) and §13A-5-6 (1975). Although the statute in question authorizes a term of imprisonment in excess of one year, the trial judge may
impose a sentence of only one year, a term of imprisonment which is consistent with punishment for a misdemeanor and not a felony.
In Thompson v. State [No. 84-305, September 27, 1985] (Ala. 1985), the Alabama Supreme Court discussed the term "felony". Although the Thompson appeal was dealing with a robbery conviction under § 13A-8-41, and punishment under § 13A-5-9, we find part of the opinion pertinent to the cause at hand. InThompson, the Supreme Court opined that, for an act to be afelony, it must be punishable by a sentence exceeding one year.
In Whirley, supra, this court held the 1980 version of the "homicide by vehicle statute" unconstitutional as allowing both misdemeanor and felony punishments. The statute condemned byWhirley allowed imprisonment in the county jail ranging from three months to one year or imprisonment in the penitentiary for one year to five years. This statute was amended into its present form by the Legislature of Alabama in 1983.
As noted above, the amended statute allows imprisonment of one year to five years. It further allows for punishment by the imposition of only a fine. The monetary limits of the fine ($500 to $2,000) could be consistent with either a felony offense or a misdemeanor offense. See Ala. Code §§ 13A-5-11,13A-5-12 (1975). While a look at these sections reveals that for a Class C felony offense one may be fined not more than $5,000.00, they further show that the limit of the authorized fine is more consistent with the range for misdemeanor offenses, i.e., not more than $2,000.00. Further, § 13A-5-2 (a) and (b) tells us that one convicted of a felony offense shall be *Page 995 
imprisoned and may also be fined. Section 13A-5-2 (c) reveals that one convicted of a misdemeanor may be fined, imprisoned, or both. The statute in the case sub judice allows for punishment by fine only, by imprisonment, or both. Surely the legislature did not intend that one convicted of a felony offense could be merely fined. Such action is consistent with punishment for a misdemeanor offense, not a felony. The above discussion further shows that there is just no reasonable way that a criminal defendant could be apprised of the nature of the charges against him from a reading of the statute here at issue.
For the reasons stated above and because the homicide by vehicle statute clearly allows both a misdemeanor imprisonment of one year and also a felony imprisonment of one year and one day to five years, this statute "cannot escape the condemnation that it provide[s] both felony and misdemeanor punishments for the named offense." Whirley, supra at 1152. This statute, i.e., § 32-5A-192, Code of Alabama 1975, as amended 1983 Regular Session, is, therefore, declared to be unconstitutional. The appellant Newberry's conviction must, therefore, be reversed and this cause is, hereby, remanded.
REVERSED AND REMANDED.
All the Judges concur.