493 So.2d 995 (1986)
Ex parte State of Alabama.
(Re: John A. NEWBERRY v. STATE).
85-322.
Supreme Court of Alabama.
April 18, 1986.
Rehearing Denied June 13, 1986.
*996 Charles A. Graddick, Atty. Gen., and Joseph G.L. Marston III, Asst. Atty. Gen., for petitioner.
Richard D. Horne and Richard M. Crump, of Hess, Atchison & Horne, Mobile, for respondent.
Charles A. Graddick, Atty. Gen., and Algert S. Agricola, Jr., Asst. Atty. Gen., for amicus curiae Ala. Ethics Com'n.
Kenneth J. Shinbaum, Asst. Atty. Gen., for amicus curiae Ala. Dept. of Environmental Management.
Charles A. Graddick, Atty. Gen., and Robert B. Rinehart, Asst. Atty. Gen., and R. Frank Ussery, Director, for amicus curiae Ala. Securities Com'n.
SHORES, Justice.
This case presents the single issue of whether the vehicular homicide statute is valid under the state constitutional guarantee that defendants have the right to know the nature and cause of the accusation against them.
John Newberry was convicted of vehicular homicide and sentenced to five years' imprisonment. The Court of Criminal Appeals reversed the conviction, 493 So.2d 993 (1985), holding that the statute was unconstitutional because it authorized both misdemeanor and felony punishment for the same offense. The State petitioned this Court for writ of certiorari, which was granted. We hold the statute constitutional and reverse the judgment of the Court of Criminal Appeals.
Alabama Criminal Code § 13A-1-2(4), Ala.Code 1975, defines "felony" as an "offense for which a sentence to a term of imprisonment in excess of one year is authorized by this title [Title 13A]." Section 13A-1-2(3) defines "misdemeanor" as an "offense for which a sentence to a term of imprisonment not in excess of one year may be imposed." The Court of Criminal Appeals stated that it "has long been the law in Alabama that a statute making an offense both a felony and a misdemeanor is unconstitutional" under Article I, Section 6, of the Alabama Constitution of 1901. That constitutional provision guarantees that "in all criminal prosecutions, the accused has a right to ... demand the nature and cause of the accusation."
The vehicular homicide statute authorizes the following punishment:
"(b) Any person convicted of homicide by vehicle shall be fined not less than $500.00 nor more than $2,000.00, or shall be imprisoned for a term not less than one year nor more than five years, or may be so fined and so imprisoned."
Code 1975, § 32-5A-192(b), as amended 1983 (emphasis added). Because a trial court could impose a sentence of one year or a sentence in excess of one year under the vehicular homicide statute, the Court of Criminal Appeals reasoned that the statute authorized both misdemeanor and felony punishment and, therefore, was unconstitutional. The court had struck down an earlier version of the statute on the same basis in Whirley v. State, 481 So.2d 1151 (Ala. Crim.App.1985), cert. quashed, 481 So.2d 1154 (Ala.1986).[1] As a result of these holdings, a number of criminal statutes have been called into question. See, e.g., Code 1975, § 8-6-18 (securities); § 22-22-14 (water pollution control); § 22-30-19 (hazardous waste management); § 32-10-6 (motor vehicle accidents); § 36-25-27 (code of ethics).
Under Article 1, Section 6, the right of the accused to demand the nature and cause of the accusation is a fundamental component of the right to due process; the defendant must fully and intelligently understand *997 the charge to adequately prepare a defense. Young v. State, 348 So.2d 544 (Ala.Crim.App.1977). Furthermore, because the charge is derived from a criminal statute, the statute itself must be sufficiently definite and certain to pass constitutional muster. Kyles v. State, 358 So.2d 797 (Ala.Crim.App.), cert. denied, 358 So.2d 799 (Ala.1978).
This constitutional guarantee, however, does not necessarily lead to the conclusion that any statute providing for punishment in both the misdemeanor and the felony range is invalid. According to our research, the statement relied on by the Court of Criminal Appeals was first mentioned (but not applied) in State v. Hall, 24 Ala.App. 336, 134 So. 398 (1931), without any stated rationale for its expression. At the time Hall was decided and before the adoption of the new criminal code, a felony was an offense which could be punished "by death or by imprisonment in the penitentiary," and misdemeanors were "all other public offenses." Code 1975, § 1-1-7, repealed effective January 1, 1980 (Ala. Acts 1977, Act No. 607, § 9901). In Hall, the criminal statute provided for a range of imprisonment of thirty days to one year in the county jail or of one to five years in the state prison. Clearly, under the former definitions of "felony" and "misdemeanor," the statute in Hall permitted punishment in either the misdemeanor or the felony range. The Court of Appeals, however, escaped the applicability of its own statement by stating that the maximum punishment allowed under the statutefive years in the state prisonmade the offense a felony only. In Lashley v. State, 236 Ala. 1, 180 So. 717 (1938), the statute provided for either a fine or imprisonment in the county jail or state prison. Although the punishment fell into both the misdemeanor and felony ranges, the Court stated, in its answer to a certified question, that Article 1, Section 6, was not offended by the statute because the maximum punishment allowed made the offense a felony. The Hall statement was employed again to attack the receiving-stolen-property statute in Kyles v. State, supra. The statute made the offense punishable as a felony or as a misdemeanor, depending on the value of the property. Rejecting the attack and upholding the statute, the Court stated:
"Receiving stolen property may be either a felony or a misdemeanor; it is not both. Specific statutory guidelines clearly define and prescribe when the offense is a misdemeanor and when a felony. There is no doubt as to the punishment which may be imposed for a described offense."
358 So.2d at 799 (emphasis in original). Thus, in Hall and for fifty years thereafter, the statement or rule was not employed to invalidate a single criminal statutethat is, until Whirley and this case even though the courts have reviewed statutes similar to ones recently struck down, in which the range of punishment begins in the misdemeanor range and ends in the felony range. Instead, the courts relied upon other grounds to uphold these statutes.
We think the reason for the dormancy of the Hall statement is clear: It is not relevant in light of criminal statutes that specify the classification of the offense and specify the range of punishment. Even in cases where the proscribed offense is not classified as a felony or as a misdemeanor, like vehicular homicide and other offenses defined outside the Criminal Code, the punishment range may still be sufficiently spelled out to meet the Article 1, Section 6, guarantees of due process. Therefore, we disapprove of the statement in Hall that an offense cannot provide for punishment in both the felony and the misdemeanor range. We do not decide whether the offense of vehicular homicide is a felony or a misdemeanor, but only that its punishment provisions are constitutionally valid.
We hold that the vehicular homicide statute, Code 1975, § 32-5A-192(b), does not violate the guarantees of Article 1, Section 6, of the Alabama Constitution, because *998 from a reading of the statute a defendant could be reasonably apprised of the accusation against him or her and the possible penal consequences.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, ALMON, BEATTY, ADAMS and HOUSTON, JJ., concur.
JONES, J., concurs specially.
JONES, Justice (concurring specially).
I agree that the vehicular homicide statute is not unconstitutional and that that holding is all that is necessary to dispose of the instant case. I would extend the opinion, however, and settle this unanswered question: When a statute authorizes a range of punishment below and above the dividing line that separates a misdemeanor from a felony, and the sentence imposed upon the defendant is below that line, is the defendant's conviction a conviction of misdemeanor or of a felony? I would answer that question with the only answer that makes any sense: The defendant's conviction is a misdemeanor if the defendant is sentenced to no more than a year. If the defendant is sentenced to more than a year, his conviction is a felony.
With this answer we would have put to rest this entire unsettled matter. The legislature may constitutionally prescribe a permissible range of punishment for a specified criminal offense that includes both misdemeanor punishment and felony punishment; and a conviction under such a statute is classified as a misdemeanor or a felony depending upon the sentence imposed. The definitions of "misdemeanor" and "felony" contained within the criminal code were clearly intended to apply to those crimes specified in the criminal code, none of which provides for a range of punishment that includes both misdemeanor and felony punishments. To apply those definitions to crimes outside the criminal code that provide a range of punishments that includes both classifications produces a nonsensical result. The "sentence actually imposed" standard is a rational and logical test, whereas the "sentence [that] may be imposed" (the definitional range for "misdemeanor") and the "the sentence [that] is authorized" (the definitional range for "felony") are conflicting standards and thus impossible to apply in a crossover-ofpunishments situation.
NOTES
[1] The 1980 version allowed imprisonment in the county jail ranging from three months to one year or imprisonment in the penitentiary from one year to five years. Although the Court granted certiorari ex mero motu to review Whirley, we were unable to consider the holding due to a procedural error committed by the State. See Whirley v. State, 481 So.2d 1154 (Ala.1986); Ex parte Jordan, extended on rehearing, 486 So.2d 485, fn. 2 (Ala.1986).