ON REHEARING
TAYLOR, Judge.
The original opinion in this case, dated October 8, 1985, is withdrawn and the following is substituted in its place.
Thomas Lorenzo Burnett pleaded guilty to leaving the scene of an accident. The court sentenced him to one year’s imprisonment, but suspended that sentence. As conditions for suspending the sentence, the court required that Burnett spend 30 weekends in jail, continue his employment, attend an alcohol abuse program, and pay $2,800.28 restitution to the victim of the accident.
Burnett now seeks to withdraw his guilty plea upon the grounds that the applicable statutes, § 32-10-2 and § 32-10-6, Code of Alabama 1975, are unconstitutional because § 32-10-6 provides for both felony and misdemeanor punishments for violation of § 32-10-2. Did the trial court err in denying appellant’s motion to withdraw his guilty plea on these grounds?
This case arose out of an incident where the appellant, while driving his automobile, ran 0ff the road, ran into a picnic table around which several people were sitting or standing, and hit someone. He then backed up and left the scene of the accident.
Section 32-10-2, Code of Alabama 1975, reads:
“Duty to give information and render aid.
“The driver of any motor vehicle involved in an accident resulting in injury to or the death of any person or damage to any vehicle which is driven or attended by any person shall give his name, address and the registration number of the vehicle he is driving, shall upon request exhibit his driver’s license to the person struck or the driver or occupant of or person attending any motor or other vehicle collided with or damaged and shall render to any person injured in such accident reasonable assistance, including the transportation of, or the making of arrangements for the transportation of such person to a physician or hospital for medical or surgical treatment, if it is apparent that such treatment is necessary or if such transportation is requested by the injured person.”
Section 32-10-6, Code of Alabama 1975, reads:
“Penalty for violation of Sections 32-10-1 through 32-10-5.
“Every person convicted of violating sections 32-10-1 through 32-10-5 or any of the provisions thereof shall be punished by a fine of not more than $5,000.00, or by imprisonment in the county or municipal jail or hard labor for the county for not less than 30 days nor more than one year, or by imprisonment in the penitentiary for not less than one nor more than five years, or by both such fine and hard labor or imprisonment.”
It appears, therefore, that this statute has the same characteristics as the vehicular homicide statute which was considered *202 by this court in Whirley v. State, 481 So.2d 1151 (Ala.Cr.App.1985), writ quashed, 481 So.2d 1154 (Ala.1986).
On November 12, 1985, in Newberry v. State, 493 So.2d 993 (Ala.Cr.App.1985), we again held the homicide by vehicle statute unconstitutional, in reliance on Whirley and cases cited therein. The Supreme Court reversed Newberry, holding that the fact that a statute authorizes both misdemeanor and felony punishments for the same offense does not render it unconstitutional. State v. Newberry, 493 So.2d 995 (Ala.1986).
The decision of the Supreme Court now enables us to hold, and we do now hold, that the statute considered in this case, § 32-10-2, commonly known as the “leaving the scene of an accident” statute, does not violate the guarantees of Article 1, Section 6, of the Alabama Constitution because, from a reading of the statute, a defendant would be reasonably apprised of the accusation against him or her and the possible penal consequences.
REHEARING GRANTED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; JUDGMENT AFFIRMED.
All the Judges concur.