The appellant's conviction was reversed and the cause remanded on appeal from a conviction for the offense of "leaving the scene of an accident," in violation of § 32-10-2,Code of Alabama (1975), and sentence of 15 years' imprisonment. This case was remanded to this court from the Supreme Court on the authority of Newberry v. State, 493 So.2d 995 (Ala. 1986).
Tommy Holman and his passenger, Sherrie Mitchell, were struck and forced off the road by another vehicle, which left the scene without its driver rendering any type of aid or assistance. At trial, both victims identified the appellant as the driver of the other automobile. Sherrie Mitchell stated that she had been friends with the defendant and his wife for some time and further that she observed the same car which had been involved in the accident at the appellant's house the next day. As a result of the accident, Tommy Holman suffered injury to his right knee and his neck, while Sherrie Mitchell suffered cuts and abrasions. The appellant raises four issues on appeal.
 I.
The appellant argues that the State's evidence was insufficient to support his conviction. The Code of Alabama, §32-10-2, states:
 "The driver of any motor vehicle involved in an accident resulting in injury to or the death of any person or damage to any vehicle which is driven or attended by any person shall give his name, address and the registration number of the vehicle he is driving, shall upon request exhibit his driver's license to the person struck or the driver or occupant of or person attending any motor or other vehicle collided with or damaged and shall render to any person injured in such accident reasonable assistance, including the transportation of, or the making of arrangements for the transportation of such person to a physician or hospital for medical or surgical treatment, if it is apparent that such treatment is necessary or if such transportation is requested by the injured person."
The State's evidence included two identifications of the appellant as the driver of the automobile involved in the accident, proof of injury to the passenger in the other automobile, and the testimony of both victims that the driver of the other car left the scene of the accident without rendering any aid or assistance. Thus, a prima facie case of leaving the scene of an accident was presented. See Fretwell v.State, 414 So.2d 1012 (Ala.Cr.App. 1982).
The appellant challenges the sufficiency of the State's evidence on the basis of discrepancies in the State's witness's testimony. "The weight of the evidence, the credibility of the witnesses, and inferences to be drawn from the evidence, where susceptible of more than one rational conclusion, are for the jury alone. Wilcutt v. State, 284 Ala. 547, 226 So.2d 328
(1969)." Walker v. State, 416 So.2d 1083, 1089 (Ala.Cr.App. 1982). We must view the evidence in the light most favorable to the State and draw all reasonable inferences and resolve all credibility choices and evidentiary conflicts in favor of the trier of fact. United States v. Irvin, 736 F.2d 1489, 1491
(11th Cir. 1984); Gossett v. State, 451 So.2d 437, 439
(Ala.Cr.App. 1984). We hold that the direct and circumstantial evidence presented by the State was sufficient to prove every necessary element of this offense and to prove the appellant's guilt beyond a reasonable doubt.
 II.
The appellant asserts that the trial court erred by not granting his motion to dismiss at the end of the prosecutor's case, because, he says, there was a fatal variance between the allegations of the indictment and the evidence offered by the State, *Page 836 
in that the indictment alleged that the car which the victim was driving belonged to him whereas his testimony was that the car belonged to his father. "`The policy behind the variance rule is that the accused should have sufficient notice to enable him to defend himself at trial on the crime for which he has been indicted and proof of a different crime or the same crime under a different set of facts deprives him of that notice to which he is constitutionally entitled.'" (Emphasis omitted.) Ex parte Hightower, 443 So.2d 1272, 1274 (Ala. 1983), quoting House v. State, 380 So.2d 940, 942-43 (Ala. 1979). An indictment is sufficient which with definiteness states the constituents of the offense. Frye v. State, 369 So.2d 892
(Ala.Cr.App. 1979); Bowens v. State, 54 Ala. App. 491,309 So.2d 844 (Ala.Cr.App. 1974), cert. denied, 293 Ala. 746,309 So.2d 850 (1975). While there was a variance between the averments in the indictment and the proof as to the description of the automobile, Alabama law requires a "material" variance before a conviction will be overturned for that reason. Ex parte Allred,393 So.2d 1030, 1033 (Ala. 1980), citing House v. State, supra. "Here, the indictment was sufficient (1) to identify the charge lest the defendant should be tried for an offense different from that intended by the grand jury, (2) to enable the defendant to prepare for his defense, (3) to protect the defendant against the possibility of being twice put in jeopardy for the same offense, and (4) to enable the court, after conviction, to pronounce judgment on the record." Greenv. State, 377 So.2d 4, 8 (Ala.Cr.App. 1979).
 III.
The appellant alleges that the trial court erred in its application of the Habitual Felony Offender Act in this case because the 15-year sentence imposed as a result of the violation of this offense constitutes cruel and unusual punishment. The defendant received the minimum sentence possible under the Habitual Felony Offender Act. The constitutionality of the Habitual Felony Offender Act is well settled. Clark v. State, 462 So.2d 743 (Ala.Cr.App. 1984);Wilbourn v. State, 457 So.2d 1001 (Ala.Cr.App. 1984); Grattonv. State, 456 So.2d 865 (Ala.Cr.App. 1984). It is not within the province of the Court of Criminal Appeals to review sentences which are within statutorily prescribed limits, as was the sentence in this case. Pickron v. State, 475 So.2d 600,601 (Ala.Cr.App. 1985); Maye v. State, 472 So.2d 688, 690
(Ala.Cr.App. 1985).
Furthermore, the sentencing scheme of § 32-10-2 (see §32-10-6) is constitutional despite its provision that the perpetrator of such offense will be subject to imprisonment in the penitentiary for "not less than one nor more than five years." According to Newberry v. State, 493 So.2d 995 (Ala. 1986), even where the offense is not classified as a felony or as a misdemeanor, "the punishment range may still be sufficiently spelled out to meet the Article I, Section 6, guarantees of due process." Id. Thus, the sentencing provisions of §§ 32-10-2 and -6 did not violate the appellant's rights, "because from a reading of the statute a defendant could be reasonably apprised of the accusation against him or her and the possible penal consequences. " Id.
 IV.
The appellant argues that the trial court improperly denied his motion for new trial. The decision to deny this motion was made by the trial court after hearing the testimony of five witnesses, four of whom had already testified at trial. "The legal standard is that the granting of a new trial `rests in the sound discretion of the trial court and depends largely on the credibility of the new evidence.' Robinson v. State,389 So.2d 144 (Ala.Cr.App.), cert. denied, 389 So.2d 151 (Ala. 1980)." Snider v. State, 473 So.2d 579, 580 (Ala.Cr.App. 1985). A trial judge's decision to deny a motion for new trial will not be disturbed on appeal in the absence of abuse of discretion, and this court will indulge every presumption in favor of the correctness of his ruling. Baker v. State,477 So.2d 496 (Ala.Cr.App. 1985), *Page 837 cert. denied, ___ U.S. ___, 106 S.Ct. 1231, 89 L.Ed.2d 340
(1986); Hall v. State, 348 So.2d 870 (Ala.Cr.App.), cert.denied, 348 So.2d 875 (Ala. 1977), cert. denied, 434 U.S. 1021,98 S.Ct. 745, 54 L.Ed.2d 768 (1978). "`[W]here the trial court investigates the circumstances under which the remark was made, its substance, and determines that the rights of the appellant were not prejudiced by the remark, reversible error will not be found absent a clear showing of an abuse of that discretion.'"Bascom v. State, 344 So.2d 218, 222 (Ala.Cr.App. 1977)." Trohav. State, 462 So.2d 954, 952-53 (Ala.Cr.App. 1985).
AFFIRMED.
All the Judges concur.