This is a pretrial appeal by the State from the order of the Circuit Court of Autauga County dismissing an indictment against Kenneth Whirley for murder and vehicular homicide and discharging Whirley from custody.
 I THE FACTS
In 1984, Whirley was indicted for reckless murder under Alabama Code 1975, § 13A-6-2. He was convicted of vehicular homicide under § 32-5A-192 as a lesser included offense.
On appeal, this Court reversed Whirley's conviction finding (1) that the vehicular homicide statute was unconstitutional because it provided both misdemeanor and felony punishment for the same offense, and (2) that the jury was erroneously charged that vehicular homicide was a lesser included offense of murder. Whirley v. State, 481 So.2d 1151 (Ala.Cr.App. 1985). The Alabama Supreme Court quashed the petition for writ of certiorari "[b]ecause the State of Alabama . . . conceded that vehicular homicide . . . is not a lesser included offense as to murder." 481 So.2d 1154 (Ala. 1986). Both our Supreme Court and the Attorney General have characterized this concession as a "procedural error." Newberry v. State, 493 So.2d 995, 996, n. 1 (Ala. 1986); Appellant's brief, p. 2.
In Ex parte Jordan, 486 So.2d 485 (Ala. 1986), decided January 10, 1986 — the same date as Whirley — the State made no concession, and our Supreme Court held that vehicular homicide may constitute a lesser included offense of murder depending upon the facts of each case. The court noted that, in both Jordan v. State, 486 So.2d 482 (Ala.Cr.App. 1985), andWhirley v. State, 481 So.2d 1151 (Ala.Cr.App. 1985), the Court of Criminal Appeals erred in holding that "a set of facts establishing the commission of murder can never also establish the commission of vehicular homicide." Jordan, 486 So.2d at 488 (emphasis in original).
In April of 1986, four months after its decisions in Whirley
and Jordan, the Alabama Supreme Court upheld the constitutionality of the vehicular homicide statute over the objection that it provided for punishment in both the felony and the misdemeanor range. Newberry, supra.
In August of 1986, after Whirley's conviction had been reversed and remanded to the circuit court, Whirley was reindicted in a two-count indictment charging both reckless murder (§ 13A-6-2) and vehicular homicide (§ 32-5A-192). Whirley moved to dismiss this second indictment alleging that it placed him in jeopardy since he had already been convicted of vehicular homicide and that it was barred by the three-year statute of limitations. The District Attorney filed a motion to deny Whirley's motion to dismiss or, in the alternative, a request to restore the 1984 indictment to the trial docket. Both requests were denied. The circuit court ordered that Whirley's "Motion be in all respects granted," set the *Page 863 
1986 indictment aside, and discharged Whirley from custody.
The State gave notice of appeal under Rule 17, A.R.Cr.P.Temp., and the circuit court ordered that the 1984 indictment (CC-83-224) and the 1986 indictment (CC-86-184) "be consolidated for purposes of a pretrial appeal by the State."
 II THE LAW OF THE CASE
On this appeal, both the State and Whirley argue that the law of the case controls. The State contends in effect that, since this Court agreed with Whirley's argument on original appeal that the trial court erroneously charged the jury that vehicular homicide constituted a lesser included offense, Whirley can now be retried for murder since the verdict of guilty of vehicular homicide was unauthorized. Whirley makes three contentions: (1) He cannot be prosecuted for murder since under the principles of former jeopardy a jury acquitted him of murder in finding him guilty of vehicular homicide. (2) He cannot be prosecuted for vehicular homicide because this Court declared that statute unconstitutional and that decision has not been reversed. (3) He cannot be indicted under the amended vehicular homicide statute which has been declared constitutional because the new indictment is barred by the statute of limitations.
We reject those arguments of both the State and Whirley which are based upon the law of the case.
Here, the term "`law of the case' . . . designates the principle that if an appellate court has passed on a legal question and remanded the cause to the court below for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case." 5 Am.Jur.2d Appeal andError § 744 (1962). However, this is a rule of policy and not of law.
 "Doctrine of `law of the case' is one of policy only and will be disregarded when compelling circumstances call for a redetermination of the determination of point of law on prior appeal, and this is particularly true where intervening or contemporaneous change in law has occurred by overruling former decisions or establishment of new precedent by controlling authority. Ryan v. Mike-Ron Corp., Cal.App., 63 Cal.Rptr. 601, 605 [(1967)]. Doctrine is merely a rule of procedure and does not go to the power of the court, and will not be adhered to where its application will result in an unjust decision. People v. Medina, [6] Cal.[3d 484], 99 Cal.Rptr. 630, 635, 492 P.2d 686, [691 (1972)]. Black's Law Dictionary 798 (rev. 5th ed. 1979).
See also 5 Am.Jur.2d Appeal and Error at § 750:
 "However, since the doctrine of the law of the case is merely one of practice or court policy, and not of inflexible law, so that appellate courts are not absolutely bound thereby, but may exercise a certain degree of discretion in applying it, there are many holdings in which the courts have retreated from any inflexible rule requiring the doctrine to be applied regardless of error in the former decision, and it has been said that the doctrine should not be utilized to accomplish an obvious injustice, or applied where the former appellate decision was clearly, palpably, or manifestly erroneous or unjust. It has been pointed out, however, that although an appellate court, on a subsequent appeal, has the `abstract power' to reach a result inconsistent with its decision on the first appeal in the same case, this power should be exercised very sparingly and only under extraordinary conditions and that the law of the case will not be re-examined in the absence of unusual circumstances leading to injustice or unfairness."
It is clear to this Court that, contrary to our opinion inWhirley v. State, 481 So.2d 1151 (Ala.Cr.App. 1985), the vehicular homicide statute under which Whirley was convicted is constitutional under the principles of Newberry. AlthoughNewberry involved § 32-5A-192, as amended in 1983, the amendment was not constitutionally *Page 864 
significant. The 1980 version of § 32-5A-192, under which Whirley was convicted, authorized "imprisonment in the county jail ranging from three months to one year or imprisonment in the penitentiary from one year to five years." Newberry, 493 So.2d at 996, n. 1. The 1983 amendment provided imprisonment "for a term not less than one year nor more than five years." Alabama Code 1975, § 32-5A-192 (b). This is the only difference in the two statutes. The constitutional principles of Newberry
apply equally to both versions of the statute.
It is just as clear to this Court that under Ex parte Jordan, 486 So.2d at 488, vehicular homicide may constitute a lesser included offense of murder, contrary to this Court's holding inWhirley, 481 So.2d at 1153-54. This Court is in the unique position of finding that Whirley's conviction should have been affirmed under the subsequent decisions of the Alabama Supreme Court had the State not committed a "procedural error."
By refusing to apply the law of the case under these very unusual and extraordinary circumstances, we prevent both the State and Whirley from receiving any improper and gratuitous benefit or advantage. The defendant should not be permitted to escape all prosecution because the State committed a procedural blunder on appeal which prevented a final resolution on the merits of the substantive issues involved.
 III FORMER JEOPARDY
On the other hand, the State cannot be permitted to gain advantage because of that very same blunder and now be allowed to prosecute Whirley for murder, on the grounds that the jury's finding of vehicular homicide was improper and unauthorized. See Hall v. State, 12 Ala. App. 42, 67 So. 739 (1914).
"It is clear that under Alabama law a conviction of a lesser included offense is an acquittal of the higher offense." Exparte Bayne, 375 So.2d 1239, 1242 (Ala. 1979). Because Whirley was convicted of the lesser included offense of vehicular homicide, he cannot be again tried for murder without violating principles of double jeopardy. Clark v. State, 294 Ala. 485,487-88, 318 So.2d 805 (1974); Thomas v. State, 255 Ala. 632,636, 53 So.2d 340 (1951). "Conviction of a lesser degree of crime than that charged in the indictment, under our law, is an acquittal of the charge of the higher degree of the same offense, though the judgment of conviction of the lesser offense be reversed on appeal." Roberson v. State, 183 Ala. 43,62 So. 837, 838 (1913); McCart v. State, 50 Ala. App. 387, 390,279 So.2d 558, cert. denied, 291 Ala. 788, 279 So.2d 565
(1973). In Alabama, "the rule prevails without qualification that the defendant cannot be retried for the greater offense." Annot., 61 A.L.R.2d 1141, 1146 (1958).
 IV THE STATUTE OF LIMITATIONS
Count II of the 1986 indictment charged vehicular homicide. This count was not barred by the applicable statute of limitations. On May 14, 1983, two people died in an automobile collision caused by Whirley. At that time, the applicable statute of limitations for the prosecution of a felony was three years under Alabama Code 1975, § 15-3-1. Generally, "`the statute of limitations in force and effect at the time of the incident giving rise to the criminal charges is controlling in determining whether prosecution has been timely commenced.'"Stoner v. State, 418 So.2d 171, 178 (Ala.Cr.App.), cert. denied, Ex parte Stoner, 418 So.2d 184 (Ala. 1982), cert. denied, Stoner v. Alabama, 459 U.S. 1128, 103 S.Ct. 764,74 L.Ed.2d 978 (1983), quoting from Manucy v. Wadsworth,293 So.2d 345 (Fla. 1974).
In January of 1985, the statute of limitations was enlarged with regard to a number of specific felonies. Section 15-3-5
(a) now provides: "There is no limitation of time within which a prosecution must be commenced for: * * * (3) Any felony involving serious physical injury or death of *Page 865 
a person." The new statute of limitations also provides: "The amendments made by this act shall apply: * * * (2) To all crimes committed before January 7, 1985, for which no statute of limitations provided under pre-existing law has run as of January 7, 1985." § 15-3-5 (b).
Whirley's crime occurred in May of 1983. In January of 1985, the three-year statute of limitations had not run. Consequently, the new statute of limitations does apply in this case.
 "Where a statute extends the period of limitation, the extension applies to offenses not barred at the time of the passage of the act, so that a prosecution may be commenced at any time within the newly established period. Such a statute, however, cannot operate to revive offenses that were barred at the time of its enactment, since that would make the statute ex post facto." 21 Am.Jur.2d Criminal Law
§ 224 (1981).
See also Tyson v. Johns-Manville Sales Corp., 399 So.2d 263,268 (Ala. 1981) (The legislature "has the power to retroactively alter, extend, or curtail an existing limitations period. However, this power `can only be exercised so as to apply . . . where the bar was not complete before the enactment of the statute.'"). "Absent a clear expression in the Statute to the contrary, we think the law applicable at the time of the offense was intended to govern the offense, the offender, and all proceedings incident thereto, and we so hold." Bracewell v.State, 401 So.2d 123, 124 (Ala. 1979), reversed on other grounds, Bracewell v. Alabama, 449 U.S. 915, 101 S.Ct. 312,66 L.Ed.2d 143 (1980). For this reason, Count II of the second indictment charging vehicular homicide was improperly dismissed.
We reverse the trial judge's order of October 23, 1986, setting aside the 1986 indictment (CC-86-184). We also reverse that portion of the order of October 23, 1986, denying the motion of the District Attorney to restore the 1984 indictment (CC-83-224) to the trial docket for further proceedings. This cause is remanded to the Circuit Court of Autauga County for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
All Judges concur.