On November 12, 1985, this court reversed and remanded the appellant's conviction of vehicular homicide on the authority of Newberry v. State, 493 So.2d 993 (Ala.Crim.App. 1985), andWhirley v. State, 481 So.2d 1151 (Ala.Crim.App. 1985), cert. quashed 481 So.2d 1154, (Ala. 1986) which held that the statute under which this appellant was charged, i.e., § 32-5A-192 Code of Alabama 1975, was unconstitutional. Subsequently, the Alabama Supreme Court reversed this court's holding in Newberry
and Sams holding the statute in issue to be constitutional. See, Newberry v. State, 493 So.2d 995 (Ala. 1986); and Sams v. State, 506 So.2d 1027 (Ala. 1986). It is now incumbent upon this court to review the record in this cause to determine if there be instances of legal error.
This cause arises from an incident which occurred at the intersection of 22nd Street and 7th Avenue in Birmingham, Alabama on June 16, 1984, in which a vehicle driven by the appellant went through a red light and struck a vehicle driven by Deborah Poteete causing the death of Mrs. Poteete.
Terry Singleton testified that she was traveling to work on the morning of June 16, 1984 when, at approximately 7:50 a.m., she observed an automobile collision. Ms. Singleton was stopped for a red light at the intersection of 7th Avenue and 22nd Street and, while waiting for the light to change, she observed in her rear view mirror a blue car approaching at a "fast speed". The blue car swerved around her "straddling the turn lane", went into the intersection against the light and struck another car traveling through the intersection. Ms. Singleton estimated the blue car's speed at 50 miles per hour and stated that, as the car passed her, she did not see any brake lights or hear a horn blow.
When the collision occurred, Ms. Singleton stopped her car and went over to Mrs. Poteete who was lying in the street. She then checked on the driver of the blue car, this appellant, and stated that the appellant was crying.
Mike Burkett testified that he observed the collision and that he believed the blue car, (i.e., the appellant) was traveling at 55 miles per hour.
Pam Sims testified that she was in her car stopped at a red light at the time of the collision. She stated that she looked in her rear view mirror and observed a blue car approaching very fast. In her opinion this car was traveling 55-60 miles per hour. As the blue car approached her, it swerved to her left, went through the red light and struck another vehicle. Sims stated that, as the blue car swerved around her, she looked for brake lights, but saw none. Sims stated that she did not hear a horn blow. After the collision, Sims walked over to the blue car and observed this appellant sitting inside the car.
John Green testified that he was a police officer for the City of Birmingham, Alabama. He took several photographs of the accident scene which were admitted into evidence. He checked the brake pedal by depressing it. It felt stiff and moved about one-half inch.
Lou Hollingsworth testified that he was a Birmingham police officer and that the speed limit at the place where the collision in question took place was 30 miles per hour.
Dr. Robert Brissie testified that he was employed as the Jefferson County Coroner and Medical Examiner. He testified in essence that Mrs. Poteete died of blunt force injuries to the head and chest.
Joe Biddy testified that he was the shop foreman at the Birmingham Municipal Garage. He stated that he was familiar with the braking system on the type car Ms. Sams was driving, a 1976 Chevrolet. He stated that the car has a dual braking system, one for the front brakes and one for the rear brakes. Based on his experience, it was his opinion that only one in one thousand times would both systems fail. Biddy stated that, with the engine turned off and assuming the brake system failed, the pedal would be stiff, but would go down to within an inch of the floorboard. If both systems failed, the pedal would go all the way down to the floor. Biddy further *Page 1029 
testified as to how and under what conditions the accelerator would stick in a depressed state.
The appellant testified in substance that, on the day in question, she had taken her son to summer school. When her son got out of the car, she put the car into drive. She had her foot on the brake and, without her touching the accelerator, the car began to accelerate. She stated that the brakes would not stop the car and it just got "faster and faster". She proceeded down 7th Avenue and, when she reached 22nd Street, she swerved around a car stopped for a red light and hit the car driven by the deceased, Deborah Poteete.
A number of witnesses testified on behalf of the appellant as to her good reputation for truth and veracity in the community.
 I
Appellant argues that the trial judge committed reversible error in overruling her objection to a comment of the prosecutor made during closing argument. The comment which appellant alleges as reversible error is as follows: (R. 244)
 "MR. WALLACE: You have to believe that the brakes were not enough to stop the car. I don't believe the brakes were applied.
"MR. APPELL: Judge, I object to what he believes.
 "THE COURT: Overruled. You can draw inferences from the evidence, if they are reasonable."
While it is never proper for the prosecutor to express his personal opinion as to the guilt of the accused during closing argument, reversible error does not occur when the argument complained of constitutes mere expression of opinion concerning inferences, deductions and conclusions drawn from the evidence. See Woods v. State, 19 Ala. App. 299, 97 So. 179 (1923);Mitchell v. State, 50 Ala. App. 121, 277 So.2d 395, cert. denied, 291 Ala. 794, 277 So.2d 404 (1973); Mainor v. State,339 So.2d 147 (Ala.Crim.App. 1976).
The statement of the prosecutor did not constitute an expression of opinion as to the appellant's guilt. It is clear from a review of this record that the comment was an expression of opinion based upon facts which were in evidence and, as such, was a "reasonable inference" from the evidence. There was no error here.
 II
The appellant argues that the trial judge erred in refusing to instruct the jury on the law concerning criminally negligent homicide. She argues that criminally negligent homicide is a lesser included offense of the charged crime — homicide by vehicle. We do not agree.
The Alabama Supreme Court recently rendered a decision in the case of Ex parte Jordan, 486 So.2d 485 (Ala. 1986). In Jordan
the appellant was charged with murder arising out of a vehicular traffic accident, the State contending that the appellant had been drinking liquor. The appellant requested a charge of homicide by vehicle which was refused by the trial judge. After this court held that homicide by vehicle was not a lesser included offense of murder, the Alabama Supreme Court reversed this decision holding under some fact situations, such as the one in Jordan, homicide by vehicle could be a lesser included offense of murder.
On March 7, 1986, the Alabama Supreme Court extended their opinion in Jordan on rehearing. It is from this opinion that we find the language which is dispositive of this appellant's argument.
 "The trial court instructed the jury on murder and on the lesser included offenses of manslaughter and criminally negligent homicide. As lesser included offenses, these two offenses require a lesser kind of culpability to establish their commission. Manslaughter requires reckless conduct, where the actor is aware of and consciously disregards a substantial and unjustifiable risk that death will occur. Code 1975, §§ 13A-6-3, 13A-2-2(3). Criminally negligent homicide requires a failure to perceive such a substantial and unjustifiable risk. *Page 1030 
Code 1975, §§ 13A-6-4, 13A-2-2(4). Thus, on a continuum of culpability, these two offenses stand between murder and vehicular homicide." Ex parte Jordan, supra at 488-89. (Emphasis added.)
Based on the above authority, we hold that the trial court was not in error on this point.
A review of the transcript does not reveal any error injurious to the substantial rights of the appellant. The judgment of the trial court is therefore affirmed.
AFFIRMED.
All the Judges concur.
 *Page 295