This appeal arises from the granting of a motion to dismiss a two-count indictment for murder and vehicular homicide. The Court of Criminal Appeals reversed the circuit court order regarding the vehicular homicide count and affirmed regarding the murder count, 530 So.2d 861. This Court granted certiorari.
On August 12, 1983, in an earlier proceeding, Kenneth Whirley was indicted for murder, pursuant to Ala. Code 1975, § 13A-6-2
(a)(2), for "recklessly" causing the deaths of Charles and Michael Lockett. On May 4, 1984, the jury returned a verdict finding him guilty of vehicular homicide instead. Whirley was sentenced to five years by the circuit court and he appealed.
In an opinion dated January 8, 1985, the Court of Criminal Appeals held that the vehicular homicide statute was unconstitutional and that, in any event, vehicular homicide was not a lesser included offense of murder. That court reversed the judgment of conviction and remanded the case. See Whirleyv. State, 481 So.2d 1151 (Ala.Cr.App. 1985) (Whirley I).
This Court initially denied the writ in Whirley I, but granted it ex moro motu on June 4, 1985. Whirley I was consolidated for oral argument with Ex parte Jordan,486 So.2d 485 (Ala. 1986). Jordan was a factually similar case involving an intoxicated driver charged with vehicular homicide. The critical distinction was that in Jordan the defendant requested a jury instruction that vehicular homicide was a lesser included offense of murder. The circuit judge denied this request and Jordan was convicted of murder. During the appeal of Jordan and Whirley I, the state was forced to an election: either vehicular homicide was a lesser included offense of murder, in which case Jordan had to be retried, or it was not a lesser included offense and Whirley had to be retried. Ultimately, the state conceded in Whirley I that vehicular homicide was not a lesser included offense of murder, and left this Court with nothing to review so the writ was quashed.
This Court held in Ex parte Jordan, 486 So.2d 485 (Ala. 1986), that vehicular homicide could, in certain factual instances, be a lesser included offense of murder. On rehearing, the Court concluded that the omission of the charge of vehicular homicide was harmless error and affirmed Jordan's conviction.
Because the state conceded in Whirley I that vehicular homicide was not a lesser included offense of murder, this Court on January 10, 1986, quashed the writ as improvidently granted. See Ex parte State (Re: Whirley v. State),481 So.2d 1154 (Ala. 1986). This left the Court of Criminal Appeals' decision in place. That decision, as stated earlier, held that vehicular homicide was not a lesser included offense of murder, and that the vehicular homicide statute was unconstitutional because it allowed for both misdemeanor and felony penalties. The Court of Criminal Appeals had held that allowing both types of penalties violated a defendant's fifth amendment right to due process and his sixth amendment right to be informed of the nature of the accusation against him.
In November of 1985 the Court of Criminal Appeals again addressed the question of the constitutionality of providing both misdemeanor and felony penalties in a statute. In Newberryv. State, 493 So.2d 993 (Ala.Cr.App. 1985), the court held once again that such a provision was unconstitutional, relying on its earlier decision in Whirley I.
This Court granted certiorari in Newberry and in an opinion by Justice Shores, held that such a provision was constitutional. Rehearing in Newberry was denied on June *Page 867 
13, 1986, five months after this Court's decision in Whirley I.
During the fall term of 1986, the Autauga County grand jury returned a second indictment against Whirley, CC-86-184. This two-count indictment was for murder and vehicular homicide in causing the same deaths as those involved in Whirley I. Whirley filed a motion to dismiss and the court set a hearing for October 15, 1986. The district attorney filed a motion to deny the dismissal or, in the alternative, to reinstate the original indictment, CC-83-224, to the trial docket. On October 23, 1986, the circuit judge granted the motion to dismiss and ordered CC-83-224 and CC-86-184 consolidated for the state's pre-trial appeal.
On March 10, 1987, the Court of Criminal Appeals held that Whirley could not be tried again for murder but could be tried for vehicular homicide. State v. Whirley, 530 So.2d 861
(Ala.Cr.App. 1987) (Whirley II). Whirley petitioned for a writ of certiorari, which this Court granted.
Whirley raises several issues on appeal: first, whether the 1986 indictments were barred by double jeopardy; second, whether the rule established by this Court in Newberry, that misdemeanor and felony punishments may be provided for in the same statute, may be retroactively applied; and finally, whether the statute of limitations barred the new indictment. Although it would be necessary for the state to prevail on all three of these issues in order to retry Whirley, we find the double jeopardy issue dispositive and do not address the others.
The Court of Criminal Appeals correctly pointed out inWhirley II that "It is clear [that] under Alabama law a conviction of a lesser included offense is an acquittal of the higher offense," quoting Ex parte Bayne, 375 So.2d 1239, 1242
(Ala. 1979). This Court wholly concurs with that part of the opinion holding that a conviction of vehicular homicide bars a retrial of Whirley on a murder indictment, under the principles of double jeopardy. See Clark v. State, 294 Ala. 485,318 So.2d 805 (1974); Thomas v. State, 255 Ala. 632, 53 So.2d 340 (1951).
The weakness in the Court of Criminal Appeals' opinion is that it does not consider the double jeopardy implications of the vehicular homicide indictment. Whirley was found guilty of vehicular homicide in Whirley I. The judgment was reversed and the case remanded by the Court of Criminal Appeals,481 So.2d 1151, upon determinations that the vehicular homicide statute was constitutionally infirm and that vehicular homicide was not a lesser included offense of murder. Although Whirley I was later overruled on both of these grounds, the subsequent decisions in Ex parte Jordan, 486 So.2d 485 (Ala. 1986), andNewberry v. State, 493 So.2d 995 (Ala. 1986), do not affect the rights of Whirley in this appeal.
The Court of Criminal Appeals reversed Whirley's vehicular homicide conviction in Whirley I and remanded the case to the trial court. The court apparently determined that while Whirley could not be retried for murder or vehicular homicide, an indictment for a lesser included offense might be in order.
The case of Ex parte Collins, 385 So.2d 1005 (Ala. 1980), addresses the double jeopardy issue presented in this case. InCollins, a defendant was indicted for stealing a General Electric heat pump, serial number 301913640. A jury had been impaneled and the trial had begun when it was discovered that there was no serial number on the heat pump that had been recovered and that it could not be identified as that identical heat pump named in the indictment. After Collins's refusal to allow amendment of the indictment, the trial court granted the prosecutor's motion to dismiss pursuant to Ala. Code 1975, §15-8-91. On appeal, this Court held that a second indictment of Collins was barred by his right against double jeopardy. "Alabama courts have held that jeopardy attaches when a jury has been impaneled and sworn, and the indictment has been read to the jury." Collins, 385 So.2d at 1007, citing Anthony v.State, 49 Ala. App. 462, 273 So.2d 222 (1972), cert. denied290 Ala. 361, 273 So.2d 227 (Ala. 1973). *Page 868 
As the Court explained in Collins, the accused may be subjected to a second trial only where the prosecutor can demonstrate manifest necessity for terminating the first trial. The standard of "manifest necessity" was explained in Arizonav. Washington, 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717
(1978), where Mr. Justice Stevens explained:
 "The words `manifest necessity' appropriately characterize the magnitude of the prosecutor's burden. For that reason Mr. Justice Story's classic formulation of the test has been quoted over and over again to provide guidance in the decision of a wide variety of cases. Nevertheless, those words do not describe a standard that can be applied mechanically or without attention to the particular problem confronting the trial judge. Indeed, it is manifest that the key word `necessity' cannot be interpreted literally; instead, contrary to the teaching of Webster, we assume that there are degrees of necessity and we require a `high degree' before concluding that a mistrial is appropriate."
434 U.S. at 505-06, 98 S.Ct. at 830-31 (footnotes omitted).
The Court in Collins relied on the above language fromArizona v. Washington in holding that the dismissal of the indictment was not for a material variance and therefore did not justify allowance of a new trial under the "manifest necessity" standard. The Court of Criminal Appeals explained inStevenson v. State, 404 So.2d 111 (Ala.Cr.App.), cert. quashed404 So.2d 114 (Ala. 1981), that the manifest necessity standard precludes the prosecutor's nol-prossing a case when it looks as though the jury will find against him. This is analogous to what occurred in this case. The state opted in Whirley I to concede that vehicular homicide was not a lesser included offense of murder, in order to assure the conviction in Jordan.
This Court sees no reason why such a concession is any less binding on the state simply because it came at the appellate level, rather than when the jury charge was given. Because the state conceded in Whirley I that it could not try Whirley for vehicular homicide, the unreviewed decision of the Court of Criminal Appeals became binding and he cannot now be re-indicted for the same crime. As this Court said in Collins,supra, at 1008, "[W]hen an accused is placed on trial, the trial runs to completion, and the accused is acquitted, the accused is no longer subject to a second trial without violating his constitutional rights." Citing Kepner v. UnitedStates, 195 U.S. 100, 126-28, 24 S.Ct. 797, 803-04,49 L.Ed. 114 (1904); Ball v. United States, 163 U.S. 662, 671,16 S.Ct. 1192, 1195, 41 L.Ed. 300 (1896).
Because the Court of Criminal Appeals held in Whirley I that Whirley could not be charged with vehicular homicide, and because the jury, in finding him guilty of vehicular homicide, had acquitted Whirley of murder, he cannot be retried for either of these two offenses. For the foregoing reasons, the judgment of the Court of Criminal Appeals is reversed and judgment is rendered for Whirley.
REVERSED AND JUDGMENT RENDERED.
TORBERT, C.J., and MADDOX, JONES, SHORES, BEATTY and ADAMS, JJ., concur.